STATE OF VERMONT

ENVIRONMENTAL COURT

|                    |   |                                              |
|--------------------|---|----------------------------------------------|
|                    | } |                                              |
| Appeal of Noble    | } | Docket Nos. 118-7-03 Vtec and 24-2-03 Vtec   |
|                    | } |                                              |
|                    | } |                                              |

Decision and Order on Post-Decision Motions

In its Decision and Order on the merits of the above-captioned appeals, the Court provided for Appellant-Applicant to submit a proposed judgment order with revised site plans and detail sheets consistent with the decision, approved as to form by the other parties. The parties did not agree on the proposed judgment order. The parties also each moved for reconsideration of the decision, or to alter or amend it in several respects.

The project proposal as appealed in Docket No. 118-7-03 Vtec superseded that proposed in Docket No. 24-2-03 Vtec, and the two appeals were consolidated. As described in the Decision and Order on the merits of the application issued on April 4, 2005, Questions 1 and 2 of the original Docket 24-2-03 Vtec were not presented on the merits and were not addressed in the decision. The April 4, 2005 decision included consideration of three changes to the application submitted as a stipulation on March 9, 2005, by Appellee-Applicants and the Village, to conform with related conditions imposed

by the Environmental Board's March 2005 decision in its permit proceeding on the same project. With respect to those changes, this Court ruled that:

[a]s all three changes to the application address factual concerns raised at trial, and could equally have been imposed by this Court as conditions in the present appeals, they are not beyond the scope of this proceeding and will be considered in connection with the analysis of the municipal requirements for site plan approval.

Appellants are represented by Stephanie J. Kaplan, Esq.; Appellee-Applicants William and Maryjean Kalanges are represented by Vincent A. Paradis, Esq.; the Village of Essex Junction is represented by David A. Barra, Esq.

The decision on the merits granted site plan approval of Appellee-Applicant's proposal for a development of seven single-family houses off Hubbell's Falls Drive and Beech Street, specifically "subject to the following appropriate conditions and safeguards, and subject to the provision of the following documents and their approval, if necessary, as amendments to this site plan." (Emphasis added.) A footnote to the phrase "and their approval, if necessary" provided in full that "[t]his decision does not address whether the consideration of the missing information by the Planning Commission should be classified as a minor or a major amendment under §502.I.10," as it would be the Planning Commission in the first instance, and not this Court, that would have to make that

determination.  Instead, Appellee-Applicant provided all the revised plans to the Court.

For the topics on which evidence was presented to the Court and on which it made findings, the related conditions simply required Appellee-Applicant to memorialize in graphic form the requirements imposed by the court (such as the change in position of the barrier or the reduction in width of the curb cut), because otherwise there would be no site plan in the Planning Commission files showing the project as approved.  On the other hand, for topics on which the Court agreed with Appellants that the application lacked required information, such information must be submitted to and approved by the Planning Commission as it was not submitted before and therefore was not within the scope of the de novo proceeding.

Perhaps it would have been better organization to separate the two categories of conditions rather than to leave the conditions in the order in which the topics had been discussed in the body of the decision.  The Court's primary concern was to avoid any confusion between the production of a site plan incorporating the Court's requirements, simply for filing in the municipality's zoning files for future reference, as compared with matters that must be ruled on in the first instance by the municipal body.  See, e.g., In re Appeal of Miserendino, Docket No. 2000-189 (Vt. Sup. Ct., Aug 23, 2001) (three-justice panel).  On the other hand, the Court wished to avoid any general remand that could reopen before the Planning Commission those matters that were fully litigated in front of

and decided by the Court.

Thus, conditions 1, 3, 4, 6, 8 and 9 carried forward into the conditions those items that still required approval by the Planning Commission; Appellee-Applicant must make those submissions to the Planning Commission. It would be premature for the Court to make any determination regarding the adequacy of those plans or to determine whether they can be submitted to the Planning Commission as a minor or major amendment, as stated in the footnote to the decision discussed above. Notes must be added to the sheets of the site plans showing those proposed amendments to reflect that these items must obtain Planning Commission approval as provided in the Court's decision and order.

Condition 7 carried forward into the conditions an item that required approval by the governing body of the Village; Appellee-Applicant has obtained that approval.

Conditions 2 and 5 carried forward into the conditions those items that simply needed an update on the graphic plans of those features about which there was evidence but which had been missing from the graphic plans (Condition 2) or had been revised by the Court in its decision (Condition 5). Appellee-Applicant has made those changes on the site plans.

Condition 10 was a self-executing condition not at issue in these motions.

Appellants' Motion to Alter

Appellants argue that the Court should have denied the application rather than granting it with the imposed conditions, arguing the evidence was not presented to support the proposed conditions.  Unlike the conditional use approval not warned and therefore improperly considered in In re Torres, 154 Vt. 233, 236 (1990), in the present case the matter was warned for site plan review and evidence was presented from which the Court derived each of the contested conditions (not already dealt with above), as follows:

Beech Street - Evidence was presented regarding problems with visibility of traffic around the curve of Beech Street due to the presence of cars parked along Beech Street, and possible limitations on such parking to address that problem.

Width of curb cut - The zoning ordinance itself provides for the reduced width.  Moreover, ample evidence was presented from expert witnesses as well as lay witnesses as to the potential for conflict within the proposed wider curb cut.

Height and type of fence  - The original proposal was for a four-foot high picket fence, changed by Appellee-Applicants from an earlier proposal for a guard rail.  Both the height and the type of fence, if any, were at issue in the proceedings.  Ample evidence was presented from expert witnesses as well as lay witnesses as to the adequacy of the proposed height of the fence (to keep children from climbing on and over it ) and the proposed material of the fence (to improve visibility by pedestrians and drivers of each other as they approached the curb cut)

to allow the Court to require a six-foot-high chain-link fence.

Appellants also request reconsideration of the hours of construction, and clarification of whether the holidays referred to include both the State and Federal holidays.  Appellee-Applicants do not oppose the inclusion of both the State and Federal holidays, and it is so ordered.  As to the hours of construction: the hours of 7 a.m. to 6 p.m. on Monday through Friday and the hours of 8 a.m. to 5 p.m. on Saturdays will be  reasonable  during the period of construction, but  only if those hours are strictly observed.  That is, no equipment or workers' vehicles may <u>arrive</u> at the construction site any earlier than the starting times, or may <u>leave</u> the construction site any later than the ending times. Compliance with the hours of construction will therefore require stopping work in the afternoon early enough so that the workers leave and the site is quiet no later than the required times.

The proceeding before the Court was <u>de novo</u> on issues raised by Appellants.  If the Planning Commission decision contained a condition that was not brought forward in evidence in this litigation, the Court cannot impose it at this point in the proceedings.

Appellants also request a condition that any violation of the management documents of the project constitutes a violation of this approval.  Such a condition would go beyond the scope of this proceeding, as many elements of the management documents may be

unrelated to the regulatory issues. The conditions imposed by the Court apply to the property, not merely to the developers, so that any owner or resident with an interest in the property must comply. The conditions will be sufficiently enforceable by interested persons through 24 V.S.A. 4470(b) without involving the management documents.

Appellee-Applicants' Motion to Amend or Motion for Relief from Order

Appellee-Applicants move to amend or correct the Court's April 4, 2005 Decision and Order to remove references characterizing the project as representing condominium ownership or requiring subdivision or PRD approval.

The request to change references to condominium ownership is granted; the first and second paragraphs on page 9 of the decision will be amended as shown in bold, as follows:

. . . .    The Land Development Code provides not only for conventional developments of single houses each on its own lot, but also for other types of ownership such as condominium **or other common interest** ownership.    A development of multiple house sites on a single parcel, intended for development as a land condominium, is treated as a subdivision under §503 regardless of whether the lots are to be divided and owned in fee, or whether the house sites are to be held in ~~condominium~~ **common interest** ownership as in the present proposal, . . .

Because it is proposed as **common interest** ~~land condominium~~ ownership, rather than **as** conventionally-owned lots, . . .

Appellee-Applicants also request that the Court delete references to the project's qualifying as a PRD or requiring subdivision approval, noting that the Village did not require any review other than the site plan review before the Court in this appeal.    That request is denied, although the Court recognizes that some of the explanatory text may be <u>dicta</u> in the present appeal, because it contains the Court's rationale addressing Appellants' Question 3 regarding multiple houses on a single lot and because it contains the authority for Appellee-Applicants' requested waivers.

Judge Wright will be unavailable to sign a restated judgment order after the

morning of September 9 through September 29. Accordingly, the parties may file a restated judgment order and annotated site plan sheets, incorporating the clarifications found in this order, for Judge Wright's signature, so that it is filed at the Court before 4:30 on Thursday, September 8, 2005. In the alternative they may file an agreed judgment order later than that date for Judge Durkin's signature.

Dated at Berlin, Vermont, this 2nd day of September, 2005.

_____

Merideth Wright
Environmental Judge