STATE OF VERMONT
ENVIRONMENTAL COURT

| | | |
|---|---|---|
| Sisters & Brothers Investment Group, LLP | } } } } } | Docket No. 106-5-06 Vtec |

### Decision on Cumberland Farms' Motion to Reconsider

Applicant Sisters and Brothers Investment Group, LLP ("Applicant" or "SBI") appealed from the Decision of the Town of Colchester ("Town") Development Review Board ("DRB") dated April 26, 2006, approving SBI's site plan, with conditions. Cross-Appellant Cumberland Farms, Inc. ("Cumberland Farms") also appealed. SBI is represented by David H. Greenberg, Esq.; Cumberland Farms is represented by Jon T. Anderson, Esq. and David W. Rugh, Esq.; the Town is represented by Richard C. Whittlesey, Esq.

Now pending before the Court is Cumberland Farms' Motion to Reconsider, pursuant to V.R.C.P. 59(e) and V.R.E.C.P. 5(a)(2), this Court's Interim Decision on Pending Motions in the above-captioned docket dated February 21, 2007 (the "Interim Decision"). Cumberland Farms asserts two main grounds for reconsideration and amendment. First, that despite the Supreme Court's ruling in In re Appeal of Sisters and Brothers Investment Group, LLP, Docket No. 2004-495 (2005) (three-justice panel, unpublished) that SBI's proposed convenience store and gas station is a permitted use, SBI has no vested right to the proposed use. Second, that this Court erred in concluding that the language of 2005 Regulations § 12.02 limits convenience stores, not to 2,000 square feet in total area, but to 2,000 square feet in area devoted to the stocking and selling of groceries to customers.

V.R.C.P. 59(e) provides that "[a] motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment."[1] A motion to alter or amend is a vehicle that

---

[1] It is undisputed that Cumberland Farms' Motion was not filed within ten days and may therefore be considered out of time. We decline to deny Cumberland' motion for timeliness reasons. In fact, the pending motion is not strictly governed by V.R.C.P. 59(e), since a final judgment has not yet been issued in this appeal. Rather, this Court's February 21st Decision was merely an Interim Decision, not a final judgment. It is therefore more proper to view Cumberland's reconsideration request as not governed by Rule 59(e); the more appropriate discretionary exercise is to review it as a more general reconsideration request. See Morrisville Lumber Co. v. Okcuoglu, 148 Vt. 180, 182 (1987) (stating in the context of V.R.C.P. 60(b) that "Plaintiff's argument necessarily implies that the denial of a summary judgment motion is a final judgment. The denial of a motion for summary judgment, however, is an interlocutory order, and is not appealable as a matter of right. . . . Upon denial, the claim remains pending for

"allows the trial court to revise its initial [determination] if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enterprises, Inc., 164 Vt. 582, 588 (1996). We have revisited our determinations announced in the Interim Decision. Because we are not convinced that the Interim Decision contains material error, we decline to amend or change it.

Cumberland Farms argues that this Court erred in concluding that SBI is entitled to construct its proposed convenience store with gasoline sales as a permitted use under the 2002 Regulations, because the Supreme Court ruling on which this Court relied "simply overruled the Environmental Court's prior conclusion that a conditional use permit was needed. SBI, however, never validly brought a proper, timely application for such a use that would entitle it to vested rights in the 2002 Regulations." Cumberland Farms Mot. to Reconsider at 3. In Cumberland Farms' view, because SBI's conditional use application was determined by the Supreme Court to be unnecessary, no vesting of rights occurred until SBI filed its site plan application on November 14, 2005, by which time the zoning regulations had been amended to make SBI proposed project a non-permitted use.

The amended zoning regulations disallowing SBI's proposed use were in effect when the Supreme Court made its decision. The Supreme Court addressed that change in the regulations, ruling that despite the fact that "the Town has now rewritten the definition of convenience store . . . [t]his case is governed by the regulations existing [in 2002]" and those regulations allow a convenience store with gasoline pumps as a permitted use in the GD-1 district. In re Appeal of Sisters and Brothers Investment Group, LLP, Docket No. 2004-495 at 3–4 (2005) (three-justice panel, unpublished). By stating that the use authorization for Cumberland's proposed project "is governed by the regulations existing [in 2002]," the Supreme Court ruled that SBI had a vested right to use review under the 2002 Regulations, which allow the proposed convenience store with gasoline sales as a permitted use. The question of whether the proposed use is allowed is thus settled, and the Supreme Court's decision may not now be contested, either directly or indirectly, in the context of SBI's pending site plan application. In other words, the use review of SBI's proposed development within the context of its 2005 site plan application does not

---

trial.") (citing In re Pyramid Co., 141 Vt. 294, 299 (1982) and 6 J. Moore's Federal Practice §§ 56.20(2), 56.21(2) (1986)); see also Moodie v. Federal Reserve Bank of New York, 835 F.Supp. 751 (D.C.N.Y. 1993) ("The Bank moves [to reargue] pursuant to Rule 59 of the Federal Rules of Civil Procedure . . . . The present motion is inappropriate under Rule 59 because the Bank's earlier motion for summary judgment was denied, hence no judgment was entered on which the Bank could bring a motion to alter or amend.").

extend to a review of whether or not the proposed use is allowed under the applicable zoning regulations, because the Supreme Court has determined that such a use is allowed.

There is, as Cumberland Farms points out, a troubling anomaly arising from the determination that SBI has a vested right to its proposed use flowing from its application in error for conditional use review in 2002. If SBI had applied for both conditional use review and site plan review in 2002, it would have had to commence construction under the zoning permit (if it received one) within twelve months from the date of issuance of a permit and complete the work within two years. See 2002 Regulations § 19.05(A). Here, however, a "zoning permit did not issue and so the 'use it or lose it' period never started." Cumberland Farms Mot. to Reconsider at 3. The result, according to Cumberland Farms, is that SBI enjoys a vested right "of apparently unlimited duration to pursue its project . . . under the 2002 Regulations no matter how much Colchester may change and desire to alter its zooming. Id. at 4.[2]

In the present case, SBI filed its site plan application approximately six months after the Supreme Court resolved the conditional use issue.[3] The Supreme Court, when it ruled that SBI's proposed use is permitted under the applicable regulations, anticipated that SBI would seek further required approvals for its proposed project, including site plan approval. It is reasonable to assume that the Supreme Court intended that its ruling would have some legal effect on SBI's forthcoming site plan application. We therefore do not find a reason to disturb our conclusion that "the issue of whether SBI's proposed use is allowed in the district has been carved out of the site plan review process conducted under the 2005 Regulations." Interim Decision at 6.

Cumberland Farms next asserts that even if SBI is entitled to its proposed use, this Court lacks jurisdiction over a review of SBI's pending site plan application in this appeal because of "SBI's failure to file under the 2002 Regulations, and the corresponding lack of notice of a public hearing of an application filed under the 2002 Regulations." Cumberland Farms Mot. to Reconsider at 8, citing In re Torres, 154 Vt. 233, 236 (1990). This assertion is in error, as the Interim Decision contains no determination that SBI is entitled to review of its pending site plan application under the 2002 Regulations. In fact, the Interim Decision states quite the contrary: see the Interim Decision at 6 ("We conclude that while the applicable precedent of Jolley

---

[2]  The duration of this vested right will depend upon the longevity of the municipal land use appeals for this proposed project.

[3]  The Supreme Court issued its Decision on May 5, 2005 and SBI filed its site plan application on November 14, 2005.

3

Associates requires that SBI's site plan application be reviewed under the 2005 Regulations, SBI's successful appeal of its use application controls the determination of whether its proposed project is a lawful use.").

Finally, Cumberland Farms asserts that "the Court's interpretation of the plain meaning of the definition of convenience store was in error." Cumberland Farms Mot. to Reconsider at 9. Both the 2002 and 2005 Regulations define the term "convenience store," in relevant part, as:

> A retail store containing less than 2,000 square feet of gross floor area designed and stocked primarily to sell food, beverages, and other groceries to customers.

2002 Regulations § 101; 2005 Regulations § 12.02. In our Interim Decision, we found "the language of 2005 Regulations § 12.02 to be clear and unambiguous, and conclude[d] that convenience stores are limited, not to 2,000 square feet in total area, but to 2,000 square feet in area devoted to the stocking and selling of groceries to customers." Having reviewed Cumberland's motion and oral arguments,[4] we are not persuaded that our interim conclusions should be disturbed. We therefore decline to reverse our determination of the meaning of the language of 2005 Regulations § 12.02.

Accordingly, based on the foregoing, the Court hereby **DENIES** Cumberland Farms' Motion to Reconsider its Interim Decision of February 21, 2007.

Done at Berlin, Vermont this 27th day of June, 2007.

_____
Thomas S. Durkin, Environmental Judge

---

[4] The parties presented oral arguments on Cumberland's pending reconsideration request during an in-person hearing on May 1, 2007, which was preceded by a site visit.

4