### In re Glen M. and Lisa Torres

[575 A.2d 193]

No. 89-523

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed April 27, 1990

*Glen M. Torres*, pro se, Duxbury, Plaintiff-Appellant.

*Richard A. Unger*, Montpelier, for Defendants-Appellees Gonyon.

*David A. Barra* of *Paul, Frank & Collins, Inc.*, Burlington, for Defendant-Appellee Town of Duxbury.

**Allen, C.J.** Glen and Lisa Torres are residents of the Town of Duxbury who appeal the trial court's issuance of a conditional use permit for the operation of an automobile repair and reconstruction business across the road from their house.* We reverse.

David and Joyce Gonyon, owners of a parcel of land on the westerly side of Route 100 in Duxbury, filed an application with the Town for approval under its zoning bylaw to construct a 2,000 square foot automobile body shop on their property which they would operate as a "home occupation." Both the Gonyons' and the appellants' properties are located within the rural agricultural zoning district in which home occupations are permit-

---

* Appellants are interested persons as defined by 24 V.S.A. § 4464(b)(3).

ted. The Duxbury Zoning Board of Adjustment granted the permit, and appellants filed a timely notice of appeal in Washington Superior Court pursuant to 24 V.S.A. §§ 4471 and 4472(a). The court conducted a de novo trial and concluded that the Gonyons' business did not conform to the definition of "home occupation" in the zoning bylaw. The court, however, allowed the Gonyons to amend their application for a home occupation to one for a conditional use and granted the latter application, with conditions. The present appeal followed.

Appellants argue that the issue of a conditional use permit was never properly before the superior court and that the court was powerless to issue it. Appellees, the Gonyons and the Town of Duxbury, stress the broad powers of the superior court on de novo review and argue that the issues and the evidence in the proceeding were identical, whether the application was to be considered as one for a "home occupation" or a conditional use permit. They argue that "[t]he submission of a conditional use application was a matter of form, conforming the pleadings to the evidence." Appellees cite *In re Poole*, 136 Vt. 242, 247, 388 A.2d 422, 425 (1978), where we stated:

> Under the trial de novo mandate in 24 V.S.A. § 4472(a), the trial court has the duty to enforce, and the power to condition or waive, the zoning regulations in the same manner as the Zoning Board of Adjustment or the Planning Commission. The court cannot abrogate its obligation in such a hearing by leaving the issues of enforcement or waiver to the two administrative bodies.

The reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader. To meet the requirements for a conditional use permit, an applicant must comply with 24 V.S.A. § 4407(2), which states in relevant part:

> (2) **Conditional uses.** In any district, certain uses may be permitted only by approval of the board of adjustment, if general and specific standards to which each permitted use must conform are prescribed in the zoning regulations and if the board of adjustment *after public notice and pub-*

*lic hearing* determines that the proposed use will conform to such standards. Such general standards shall require that the proposed conditional use shall not adversely affect:

(A) The capacity of existing or planned community facilities;

(B) The character of the area affected;

(C) Traffic on roads and highways in the vicinity;

(D) Bylaws then in effect; or

(E) Utilization of renewable energy resources.

(Emphasis added.)

■ The import of *Poole* is that whatever the zoning board of adjustment or the planning commission might have done with an application properly before it, the superior court may also do if an appeal is duly perfected. The Duxbury Zoning Board of Adjustment does not have the power to convert a hearing on a permitted use application into a hearing on a conditional use permit by simply allowing an amendment to the application, since such an amendment could never serve to provide public notice of the conditional use application, as required by § 4407(2).

■ Appellees argue, without citing support for the proposition, that the public notice requirement of § 4407 may be waived by the zoning board of adjustment or the superior court. However certain they may be that notice of an application for a conditional use permit would attract no more opposition than the notice of the "home occupation" application, it is not for the parties, the boards, or the courts to dispense with the public notice mandated by the statute. The general view is that notice and hearing requirements on application to a zoning board are mandatory and jurisdictional, and failure to adhere to these requirements renders the action taken null and void. *Grotto v. Little Friends, Inc.*, 104 Ill. App. 3d 105, 107, 432 N.E.2d 634, 636 (1982); *Moore v. Cataldo*, 356 Mass. 325, 326, 249 N.E.2d 578, 580 (1969).

■ Having determined that the board of adjustment permit was invalid, the court had no choice except to remand the mat-

ter for full consideration by the board of any application for a conditional use permit.

Since the trial court's action was void, we have no occasion to consider the argument that the evidence considered by the court covered the five criteria that must be weighed in evaluating a conditional use permit.

*Reversed.*