STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Bouldin Camp - Noble Road | } | Docket No. 278-11-06 Vtec |
| (Appeal of Bouldin) | } | |
|  | } | |

Decision and Order on Cross-Motions for Summary Judgment

Appellant-Applicant Dennis Bouldin appealed from a decision of the Development Review Board (DRB) of the Town of Fletcher upholding the Zoning Administrator's denial of an application for construction at a camp on Metcalf Pond. Appellant-Applicant has appeared and represents himself; the Town is represented by Chad Bonanni, Esq. Both parties have moved for summary judgment. The following facts are undisputed unless otherwise noted.

Appellant-Applicant owns property located near the shore of Metcalf Pond at the end of Noble Road, in the Shoreline-Recreation zoning district. The property is improved with an existing 32' x 22' camp building, oriented with its shorter (east) side facing the pond, and an existing L-shaped attached deck on the south side of the camp building. The existing deck extends along the entire south side of the camp building, and is fourteen feet in width for the first twelve feet extending eastward from the west end of the camp building, and is four feet in width along the remainder of the south side of the camp building to the building's southeast corner. Access to the existing deck is by a single step from the west, and by two steps on the south side of the wider part of the existing deck. The only entrance to the camp building is by a door on the south side onto the narrower portion of the existing deck.

The east face of the camp building is located only nine to ten feet from the shoreline, so that almost all of the existing camp building and existing attached deck is located within

1

the forty-foot shoreline setback required by Table 2.4-5(D) of the Zoning Bylaw, and is therefore a pre-existing non-complying structure subject to §3.8(A) of the Zoning Bylaw. The property slopes sharply towards the pond near the east end of the camp building , so that the existing deck is nearly at ground level to beyond the entrance door of the building, but is approximately five feet above the ground level at the southeast corner of the building.

Appellant-Applicant has been repairing and remodeling the camp, in the course of which he installed a sliding glass door in the east end of the camp building, near the southeast corner. The door frame of the sliding glass door extends approximately 9' 3" (by scale from the east side elevation) from the southeast corner of the building, that is, less than halfway along the east side of the camp building from its southeast corner.

In April of 2006 Appellant-Applicant applied for a variance to construct a six-foot-wide deck along the entire length of the east (pond) side of the camp. It appears from the elevation drawings that it was proposed to extend southward of the southeast corner of the camp building to connect with the then-existing deck on the south side of the camp, having access only by the then-existing steps onto the south side deck.

On June 13, 2006, the DRB denied the variance request,[1] noting that only detached decks are allowed within the shoreline setback area, and determining that at least three of the five required conditions for a variance were not met: §6.7(F)(1), (2), and (5). Appellant-Applicant did not appeal the DRB's June 13, 2006 decision denying the variance request, and it is not before the Court in this de novo appeal.

Rather, by application signed on June 19, 2006 and marked as "received" on June 28,

---

[1] The DRB also noted that the camp was a non-complying structure, that the proposed deck would "increase the degree of non-compliance" and that no evidence had been presented about whether it "met mandated environmental, safety, health or energy codes;" however, as no application had then been filed for approval of the deck under §3.8(A)(4) the DRB could not have based its variance decision on this analysis.

2006, Appellant-Applicant submitted a zoning application for what he described on the application as a "landing and stairs." This application proposed a platform four feet wide and fourteen feet long, to extend along the east side of the camp building from a point just northerly of the sliding door frame to four feet south of the southeast corner of the camp, making a four-foot-square corner with the easterly end of the existing deck[2]. It also proposed a new flight of stairs, consisting of nine steps, extending farther towards the south from the south end of the platform. The Zoning Administrator denied the application on June 24, 2006, ruling that [t]he proposed size of the landing is too long" and stating that a "landing is so the door will open, not a deck or porch." Appellant-Applicant appealed this denial to the DRB.

Appellant-Applicant had also submitted a separate application to the DRB for conditional use approval for a canoe storage shed to be built outside the shoreline setback at the west end of the camp, and to rebuild and alter the shape and size of the existing south side deck, resulting in a 17' x 12' deck (with truncated southeast and southwest corners) farther to the east within the shoreline setback than the wider section of the former deck, but no closer to the pond than the east face of the camp building. The "landing" at issue in this appeal is proposed to be connected to the new deck at the southeast corner of the camp building, and the stairs at issue in this appeal are proposed to serve the new south side deck from the corner of the landing, as well as to serve the east side sliding door. The new south side deck also has access by a single step running the length of its west side; access to the main door to the camp is via the new south side deck.

The DRB issued two separate decisions on October 31, 2006. With respect to the conditional use application for the boat shed and the new south side deck, the DRB granted conditional use approval of the boat shed, and granted conditional use approval of the new

---

[2] Or, alternatively, connecting with a new deck proposed to the DRB in a separate conditional use application, discussed below.

3

south side deck, but denied access to the deck by the proposed east side stairs, that is, imposed a condition that the new south side deck be accessed only from the west. In its conditional use decision, the DRB specifically stated that the area of the proposed landing and stairs on the east side of the camp "is not part of this decision and is not approved." No party appealed the grant of conditional use approval for the boat house and new south side deck; that decision became final and is not at issue in this appeal.

The separate decision in which the DRB ruled on the appeal from the Zoning Administrator's denial of the landing and stairs stated that it was reviewed under Table 2.4-5, §6.7(A) and §3.8(A)(1–4)[3] of the Zoning Bylaw. However, the only issue then properly before the DRB in the appeal from the Zoning Administrator's decision was whether the Zoning Administrator had ruled correctly that the landing was too long to be considered within the use category of a four-foot-wide-or-narrower landing under Table 2.4-5(B). At that time, the Zoning Administrator was treating attached landings and stairs, as well as free-standing structures, as an "accessory structure" permitted use within the jurisdiction of the Zoning Administrator under Table 2.4-5(B). The DRB ruled that it "agree[d] with the Zoning Administrator's decision that 14 feet is excessive for entering and exiting a door no more than 36" wide." The DRB also ruled that the accessory structures allowed under Table 2.4-5 are allowed "only on a structure that is in compliance with the dimensional standards" of the district, and, as the camp building is non-complying, "no accessory structure, additions, stairs, decks, etc. can be approved on the pond side of the Bouldin Camp." In the present appeal Appellant-Applicant appealed the DRB decision regarding the landing and stairs.

The Town first raises an issue of finality regarding the previous denial of the variance request by the DRB, arguing that the application on appeal constitutes an

---

[3] Section 3.8(A)(1–4) addresses non-complying structures.

4

impermissible collateral attack on the unappealed variance decision. However, the current application is not barred by the successive application doctrine because the "landing and stairs" now proposed are both narrower and shorter than the deck for which the variance was denied. That is, Appellant-Applicant has submitted an application that addresses all the reasons for which the previous one was denied. In re Armitage, 2006 VT 113 at ¶ 9. In any event, the present application for the "landing and stairs" was submitted as a permitted use under Table 2.4-5(B) rather than for a variance.

Both the Town and Appellant-Applicant seem to have been treating the various proposals for an attached landing and stairs as if they were within the permitted use category of "Accessory Structure (to include temporary docks, and permanent stairs and landings 4 ft. or less in width[4] within the shorel[ine] setback area)." Table 2.4-5(B). However, to qualify as an "accessory structure" the proposed structure must be separate from the principal structure; that is, it must be incidental and subordinate to the principal structure (in this case, the camp building) and on the same lot. § 7.2, "Accessory Structure." The "accessory structure" referred to in Table 2.4-5(B) applies to free-standing decks, docks, landings and stairs narrower or equal to four feet in width, while any additions to or extensions of a non-complying principal structure must instead be analyzed under §3.8(A).

Thus, the proposed or any redesigned new landing or stairs attached to the building within the shoreline setback must be considered, if at all, under §3.8(A)(3) or (4) as an alteration to a non-complying structure. As the proposed east side landing and stairs will be closer to the pond than was the pre-existing camp, the alteration will increase the degree

---

[4] This use category in the Shoreland-Recreation zoning district is contrasted with structures within the shoreline setback area which are subject to conditional use review, referred to in Table 2.4-5(E) as "permanent docks, boat landings and ramps, decks and stairs greater than four(4) feet in width, boat houses four hundred (400) sq. ft. or less, [and] retaining walls."

of non-compliance, and is therefore subject to §3.8(A)(4) and to conditional use review under §5.2.

As Appellant-Applicant did not apply to the DRB for conditional use approval of the east side landing and stairs, the question of whether it does or does not meet the requirement of §3.8(A)(4) (that the alteration be "solely for the purpose of meeting mandated environmental, safety, health, or energy codes which would allow for continued use of the non-complying structure") was not before the DRB and is therefore not before the Court in this appeal.   In re Torres, 154 Vt. 233, 235–236 (1990).  We therefore do not address what might be the minimum landing size necessary to provide a second exit from the structure, or whether it could meet this standard.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicant's Motion for Summary Judgment is DENIED and the Town's Motion for Summary Judgment is GRANTED in PART, in that the proposed 4' x 14' east side landing and/or proposed stairs cannot be considered for approval by the Zoning Administrator as a permitted use under Table 2.4-5(B).  This decision appears to conclude all but Question 4 of Appellant-Applicant's Statement of Questions.   A telephone conference is scheduled (see enclosed notice) to determine the next step in this appeal, or whether Appellant-Applicant wishes to apply to the DRB for conditional use approval of the landing and/or stairs under §3.8(A)(4).

Done at Berlin, Vermont, this 23rd day of April, 2007.

_____
Merideth Wright
Environmental Judge