STATE OF VERMONT
ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Ilges Zoning Permit | } | Docket No. 232-9-06 Vtec |
| (Appeal of Gerlack) | } |  |
|  | } |  |

## Decision on Motion for Summary Judgment

This appeal arises out of the decision of the Town of Westford (Town) Zoning Board of Adjustment (ZBA) to uphold the Zoning Administrator's issuance of a zoning permit to Appellee Tod Ilges, allowing him to remove an existing mobile home and replace it with a new single family residence on a lot located at 325 Old No. 11 Road in Westford. William and Paula Gerlack (Appellants) have appealed this ZBA decision. Appellants and Appellee Ilges have filed cross motions for summary judgment on all three questions of Appellants' Statement of Questions. Appellants are represented by Allan W. Ruggles, Esq.; the Town is represented by Amanda S. E. Lafferty, Esq.; Appellees Tod Ilges and the Estate of Ella Phelps are represented by Jesse D. Bugbee, Esq. and Appellee Ilges is also represented by Vincent A. Paradis, Esq.

The parties have represented that the following facts are undisputed, unless otherwise noted below:

## Background

1) The lot at issue in this appeal is located at 325 Old No. 11 Road in Westford, in the Agricultural, Forestry, and Residential I Zoning District (Zoning District).

2) The lot is approximately .4 acres in size and was created through subdivision sometime in 1966, or before.

3) There is a three-bedroom mobile home on the lot that was last occupied in 1996.

4) Title to the lot is currently held by the Estate of Ella P. Phelps.[1]

5) On May 15, 2006, Mr. Ilges applied for a zoning permit to remove the mobile home and replace it with a new three-bedroom, single family residence on the lot.

6) In Section 3 of the application,[2] Mr. Ilges described his development intentions for the

---

[1] The owner of the lot is identified on Appellee Ilges' application as Iona Bridgers, whose address is listed in California. Ms. Bridgers has not entered an appearance in this appeal. However, Appellee's Statement of Facts states that the Estate of Ella Phelps "currently controls title" to the lot.

property as "Remove Mobile Home + Build New Home." He noted that he intended to replace the 744 square-foot mobile home with a new home that would have an additional 1,368 sq. feet.[3]

7) The existing mobile home is approximately twelve feet wide and sixty-two feet long and is about twenty-five feet from Old No. 11 Road, which forms the northern property boundary of the lot. For reference purposes only, a copy of Appellee's site plan is appended to this Decision. It does not contain a representation that it was drawn to scale.

8) Single family dwellings are a permitted use in this Zoning District. The District requires a minimum lot size of ten acres; minimum roadway frontage of 350 feet; minimum front setback of fifty feet; and minimum side and rear yard setbacks of thirty-five feet.

9) We have gleaned the following facts from Appellee's site plan, none of which we understand Appellants to contest:

a. The existing mobile home does not conform to the Zoning District setback requirements, as it is closer to the front and western boundaries than the setback minimums require.

b. The lot is bounded on the east, west and south by Appellants' property.

c. There is an existing eight foot by ten foot shed located approximately forty-two feet from the front boundary line along Old No. 11 Road. There are no changes contemplated by the pending application to this pre-existing shed.

d. An existing well is located on the property in the southwest corner of the lot, which Mr. Ilges proposes to use for the new single family residence.

e. There is an existing 1,000 gallon septic tank and leach field on the property that may be thirty or more years old. The septic tank is located approximately seven feet from the western property line (bordering Appellants' property). The leach field is located north of the mobile home, between it and Old No. 11 Road. The exact location of the leach field is unknown, according to Mr. Ilges's prior testimony.

f. The new single family residence is proposed for a different, more central location on the lot than the existing mobile home. The new location is approximately seventy-five feet from Old No. 11 Road in the front, thirty-six feet from the western property line, seventy-one feet from the eastern property line, and thirty-six feet from the rear, or southern, property line. There is no overlap of the mobile home footprint and the

---

[2] Application Section 3 is titled "ALTERATIONS, GARAGES, OUTBUILDINGS, ADDITIONS, DECKS, ETC." Application Section 2 is titled "NEW HOME". Appellants appear to complain that the application was improperly completed; that Mr. Ilges should have instead been required to complete the form under Section 2 and not Section 3. Particularly in light of our discussion below about the applicability of the state or local septic regulations to this appeal, we see no error in the application as completed by Mr. Ilges. In particular, we conclude that his completed application gave sufficient notice of his intended alterations to this lot by replacing the existing mobile home with a new single family residence.

[3] We deduce from these representations and the site plan representations (i.e.: dwelling is to be 24' wide by 44' long) that the new residence would be two stories tall and would contain a total of 2,112 square feet.

footprint of the proposed single family residence.

 g. The new single family residence will also contain three bedrooms, and is proposed to be approximately twenty-four feet wide by forty-four feet long.[4]

 h. The new single family residence is proposed to have an attached garage of twenty-four feet by twenty-four feet on the east side of the residence.

10) The Westford Zoning Administrator (ZA) approved Appellee Ilges' application on May 24, 2006 and issued building permit 06-018 to Mr. Ilges, allowing him to remove the existing mobile home and replace it with a new single family residence.

11) Appellants appealed the ZA's decision to the ZBA, which duly warned and held a hearing on July 11, 2006.

12) On August 22, 2006, the ZBA denied Appellants' appeal, on the basis that the application satisfied all of the relevant provisions of the Westford Zoning Regulations (Regulations) and noting that it lacked jurisdiction to consider issues related to the septic system.

## Discussion

Appellants and Appellee have filed cross motions for summary judgment on the three questions in Appellants' Statement of Questions, which we summarize as follows:

 1.) Do the proposed lot alterations meet state and Town requirements regarding onsite sewage disposal?

 2.) Is the existing lot an "existing small lot" pursuant to Regulations § 5.7?

 3.) Do the proposed lot alterations meet the requirements set forth in Regulations § 4.8 related to non-complying structures?

We address these issues in that order.

We first note that summary judgment is only appropriate "when there are no genuine issues of material fact and, viewing the evidence in a light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law." In re Carter, 2004 VT 21, ¶ 6 (citation omitted). When competing motions for summary judgment are presented, such as here, we are directed to address each motion separately and view the facts in a light most favorable to the party opposing the motion under review. See Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990) (where both parties are seeking summary judgment, both parties are "entitled to these

---

[4] With a total of 2,112 square feet, and given that it is proposed to be 24' by 44', we presume that the new residence will be two stories; however, the application does not contain any information regarding the height of the residence or attached garage, which the site plan represents to be 24' square.

3

benefits when the opposing party's motion is being judged."). Our analysis here relies for the most part on facts that the parties do not dispute. However, where the material facts are disputed, we show the proper deference to the party opposing the motion under review.

**1.      State and Local Sewage Disposal Requirements**

There appears to be a sincere dispute as to whether Appellee requested and the ZBA approved the use of the existing, approximately thirty year old septic system that once served the mobile home as the septic system that will serve the new residence. Appellants argue that this Court has the jurisdictional authority to address the issue of whether the existing septic system on the property meets state and local sewage disposal requirements, since the ZBA considered those issues in its decision.[5] In response, Mr. Ilges argues[6] that issues of compliance with both state and local sewage disposal requirements are outside the scope of this appeal. We agree with Mr. Ilges.

We first note, as a threshold matter, that the issue of whether the ZA or the ZBA's decision to issue the permit was proper is immaterial to this <u>de novo</u> appeal, since we are directed to review the facts presented to this Court in light of the applicable zoning standards, and do so as if no prior ZA or ZBA decision had been rendered. 10 V.S.A. § 8504(h); V.R.E.C.P. 5(g).

This appeal is restricted to the narrow issue of whether Mr. Ilges is entitled to a zoning permit to remove the existing mobile home and replace it with a new single family residence. Mr. Ilges only applied for a zoning permit; that application is the sum total of what is before this Court in this appeal. <u>In re Torres</u>, 154 Vt. 233, 235 (1990) ("The reach of the . . . court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader."). We therefore must limit our review to the zoning permit request.

---

[5] While the ZBA's August 22, 2006 Decision makes reference to the considerable testimony that it received relating to compliance or non-compliance of the existing septic system, the ZBA ultimately concluded that challenges to the use of the existing septic system were beyond its authority. The ZBA specifically noted that its authority was "limited to the interpretation and determination of Westford Zoning Regulations only." ZBA Aug. 22, 2006 Decision at ¶ 11. We agree that the ZBA reached a correct conclusion on this legal point and believe that this Court's authority is similarly limited in this appeal. See <u>In re Torres</u>, 154 Vt. 233, 235 (1990).

[6] Mr. Ilges's argument here is support by the representations made in his zoning permit application, a copy of which he filed with the Court as Exhibit 5. Under paragraph 3, entitled "ALTERATIONS, GARAGES, OUTBUILDINGS ADDITIONS DECKS, ETC.", the application contains a hand-written notation: "Remove Mobile Home + Build New Home." Thus, the application gave clear notice of the nature of the improvements for which Mr. Ilges sought approval. This application form is for zoning approval only; there is no place by which an applicant may seek approval of a septic system, new or existing, and the Applicant here did not include any hand-written request on the form, seeking septic approval.

4

The issue of the proposal's compliance with state and local sewage disposal requirements was outside the jurisdictional reach of both the ZA and the ZBA. As noted by the ZBA, it does not have the authority to consider the regulation of onsite sewage disposal systems, nor does it have the authority to rescind a septic permit. In light of the clear directive in Torres and the many Supreme Court decisions citing to it, we conclude here that the propriety of using the existing septic system for the new residence is outside the scope of the Court's jurisdictional authority in the present appeal.

Appellants appear concerned that the appealed-from permit somehow authorizes Mr. Ilges to use the existing septic system for his proposed new residence by styling his application as one for an "addition" to an existing residence. However, we are not aware that Mr. Ilges applied for any approval related to the septic system.[7] Therefore, this Court does not and cannot in this proceeding confer authority for Mr. Ilges to use the existing septic system. To the extent that a municipal regulation requires a new septic permit for a replacement home such as Mr. Ilges proposes here, the pending application does not seek that permit and our affirmation of Mr. Ilges' zoning permit does not grant it.

## 2.    Regulations § 5.7 (Minimum Lot Size)

Appellee Ilges has moved for summary judgment on the legal issue of whether his lot meets the requirements of Regulations § 5.7. Appellants do not oppose Appellee's motion on this issue. We must nonetheless determine whether there is legal precedent for granting summary judgment. V.R.C.P. 56(c)(3).

The Regulations pertaining to existing small lots (Regulations § 5.7) provide that any lot may be developed "for the purposes permitted in the district in which it is located, even though not conforming to minimum lot size requirements, provided the lot is at least 1/8th acre in area with a minimum width or depth dimension of 40 feet." The undisputed facts before the Court indicate that this lot is .4 acres in size and has remained that size since at least 1966. The lot is more than forty feet wide and more than forty feet deep, as measured from the site plan attached to Mr. Ilges' application (and appended to this Decision), which Appellants do not dispute.

---

[7] We recognize that Appellee represents in his motion for summary judgment that his application was to "replace [the mobile home] with a three-bedroom single family home using the existing septic and water supply systems." (emphasis added). However, we see no reference in Appellee's application that gives notice of the request to use the existing septic system, nor do we see any authority in the Regulations that the ZBA had the authority to grant such a request. We decline to allow consideration of the existing septic system in these proceedings.

Therefore, we conclude that Appellee's lot is an existing small lot that meets the requirements of Regulations § 5.7.

**3.      Non-Complying Structures (Regulations § 4.8.3)**

Appellee Ilges also asks that we summarily enter judgment that his proposal does not involve a non-complying structure and therefore it does not run afoul of Regulations § 4.8.3. Appellants argue that Appellee is precluded from removing a non-complying structure and replacing it with a complying structure by both § 4.8.3 and the Supreme Court precedent of In re Stowe Club Highlands, 164 Vt. 272 (1995). We agree with Appellee on this legal point.

Section 4.8.3 governs, by its express terms, applications that relate to the continuing use of non-complying structures. It contains provisions governing the "expansion, extension, or modification" of non-complying structures that results in an increase in the degree of non-compliance. Regulations §§ 4.8.3(3), 4.8.3(2). It also provides that an abandoned non-complying structure may not be re-occupied. Id. § 4.8.3(4). Finally, § 4.8.3(5) allows the rebuilding of a non-complying structure that has been "damaged or destroyed by fire, collapse, explosion" or other similar causes.

None of these provisions apply to the proposal on appeal, which is to remove a non-complying structure — a mobile home that encroaches into the required setbacks — and replace it with a complying structure — a single-family residence, to be located on the same lot, in a manner that respects all required setbacks. As demonstrated by the attached site plan, which Appellee Ilges submitted with his application, the new single family residence will be more centrally located on the lot, such that it complies with the required front, rear and side setbacks for the applicable Zoning District. See Regulations § 3.3.4. Appellants have not directed us to any provisions in the Zoning Regulations which the proposed new residence violates.

The Supreme Court's decision in Stowe Club does not mandate a different result. There, the applicant sought to subdivide an existing lot containing a mobile home and a barn and to build a single family residence and stable in the footprint of the barn. Stowe Club, 164 Vt. at 274. The barn was located partially in a 200-foot "green belt" surrounding the Stowe Club Planned Unit Development, of which that lot was a part. Id. The issue on appeal in Stowe Club was whether the house and stable could be constructed within the footprint of the pre-existing, non-conforming barn. Id. at 275-76. With respect to the issue of non-complying structures, the Court held that the zoning ordinance prohibited the "reconstruction," or total replacement, of the

barn with the residence and stable.  Id. at 280.  Thus, the material facts in Stowe Club are dissimilar to the material facts in this appeal, since Mr. Ilges seeks to remove a non-complying structure and replace it with a complying structure.

Mr. Ilges's proposed alterations and improvements to this property provide an example of the manner in which property owners assist our State and its municipalities with accomplishing one of the primary goals in zoning: the gradual elimination of nonconformities.  See In re Lashins, 174 Vt. 467, 470 (2002) (citation omitted).  While the continuation of non-conforming structures and their use is sometimes allowed, they are "carefully limited," since the "public interest in the regulation and gradual elimination of non-conforming uses is strong . . .."  In re Gregoire, 170 Vt. 556, 559 (1999) (citation omitted).  Given that Mr. Ilges's plan is to eliminate a non-conforming structure (the mobile home) with one that conforms to all applicable zoning provisions, his new residence must be classified as a conforming structure and therefore allowed.

### Conclusion

For the reasons stated above, Appellee's motion for summary judgment is **GRANTED** and Appellants' motion for summary judgment is **DENIED**.  This Decision concludes all issues in this appeal and is therefore accompanied by an Order of Judgment.

In light of this Decision, the pre-trial conference presently scheduled for Monday, April 30, 2007, is hereby cancelled.

Done at Newfane, Vermont this 27th day of April, 2007.

_____
Thomas S. Durkin, Environmental Judge

7