STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Bouldin Camp - Noble Road | } | Docket No. 278-11-06 Vtec |
| (Appeal of Bouldin) | } | |
| | } | |

Decision and Order on Appellant's Motion for Reconsideration

Appellant-Applicant Dennis Bouldin appealed from a decision of the Development Review Board (DRB) of the Town of Fletcher upholding the Zoning Administrator's denial of an application for construction at a camp on Metcalf Pond. Appellant-Applicant represents himself; the Town is represented by Chad Bonanni, Esq.

Appellant-Applicant has moved to reconsider the Court's April 23, 2007 decision granting summary judgment for the Town that Appellant-Applicant's proposed east side landing and proposed stairs cannot be considered for approval by the Zoning Administrator as a permitted use under Table 2.4-5(B) of the Zoning Bylaw for the Town of Fletcher.

V.R.C.P. 59(e) "allows the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court." Rubin v. Sterling Enterprises, Inc., 164 Vt. 582, 588 (1996). However, Rule 59(e) is an "extraordinary" remedy that should be used "sparingly." The decision of whether to grant a motion for reconsideration under Rule 59(e) lies within the discretion of the trial court. In re Appeal of Berezniak, Docket No. 171-9-03 Vtec, slip op. at 3 (Vt. Envtl. Ct., Apr. 6, 2007).

Appellant-Applicant argues that the Zoning Bylaw does not specifically require an "accessory structure" to be physically separate from a primary structure and, therefore,

1

that the Court should alter its ruling that Appellant-Applicant's landing and stairs did not qualify for approval as a permitted use.

Several sections of the Zoning Bylaw potentially apply to this application. First, as discussed in the April 23, 2007 Decision, Table 2.4(B) governs permitted uses.[1] The only use category potentially applicable to this proposal in that table is the use category of "accessory structure," which includes "temporary docks and permanent stairs and landings 4 ft. or less in width within the shoreland setback area." (Emphasis added.) See Table 2.4-5(D).

An "accessory structure" is defined as "[a] structure, the use of which is incidental and subordinate to the principal use or structure and is located on the same lot. Examples of accessory structures include patios, permanent swimming pools, porches, garages, tool sheds, workshops, decks and gazebos, boathouses, and docks." Zoning Bylaw, § 7.2 (emphasis added). The term "structure," in turn, is defined as "[a]nything constructed, erected or placed which requires a fixed location on the ground in order to be used;" the definition specifically includes, "in addition to buildings[:] signs, garages, carports, porches, patios, swimming pools, and any other outbuildings and building features. Not included are sidewalks, driveways, and temporary or floating docks." Id. (Emphasis added.)

Because the definition of the term 'accessory structure' includes porches, and the definition of the term 'structure' includes building features as well as separate buildings, Appellant-Applicant is correct that the April 23, 2007 Decision should be altered to

---

[1] In any event, the Court is required to analyze Appellant-Applicant's application under this provision because the Zoning Administrator's decision had analyzed the proposed landing and stairs as a permitted use, not as a conditional use. An application for a conditional use would have had to have gone to the DRB in the first instance, before it could have been considered by this Court. In re Torres, 154 Vt. 233, 235–36 (1990). Therefore, the April 23, 2007 Decision expressly did not rule on whether the proposed landing and stairs could be approved as a conditional use under Table 2.4-5(C). In re: Bouldin Camp - Noble Road (Appeal of Bouldin), Docket No. 278-11-06 Vtec, slip op. at 6.

determine that the proposed stairs and landing fall within the use category of "accessory structure," even though they are not intended to be physically separate from the camp building.

However, as discussed in the April 23, 2007 Decision, the residence to which the landing and stairs are proposed to be attached is already a non-complying structure due to its proximity to the shoreline. Therefore, because the stairs and landing are proposed to extend a non-complying structure[2], the application must also be reviewed under §3.8(A) of the Zoning Bylaw, which governs non-complying structures.

Accordingly, the following language, on page five of that decision, is hereby altered as follows:

> ~~Both the Town and Appellant-Applicant seem to have been treating~~ **While** the various proposals for an attached landing and stairs **are** ~~as if they were~~ within the permitted use category of "Accessory Structure (to include temporary docks, and permanent stairs and landings 4 ft. or less in width [footnote in original omitted] within the shorel[ine] setback area)," Table 2.4-5(B)**,** ~~However, to qualify as an "accessory structure" the proposed structure must be separate from the principal structure; that is, it must be incidental and subordinate to the principal structure (in this case, the camp building) and on the same lot. §7.2, "Accessory Structure." The "accessory structure" referred to in Table 2.4-5(B) applies to free-standing decks, docks, landings and stairs narrower or equal to four feet in width, while~~ any additions to or extensions of a non-complying principal structure must ~~instead~~ **also** be analyzed under §3.8(A).

Section 3.8(A) provides that any non-complying structure "may be allowed to continue indefinitely," subject to certain restrictions. Section 3.8(A)(4) includes the restriction that non-complying structures "may, subject to conditional use review under

---

[2] No inconsistency is created by the fact that a structure in a permitted use category must nevertheless undergo review as a non-conforming structure; similarly, in a district in which a single-family dwelling is a permitted use category, an enlargement of a non-conforming single-family house must undergo review as a non-conforming structure.

Section 5.2, undergo alteration or expansion which would increase the degree of non-compliance . . . ."

Thus, as discussed in the April 23, 2007 Decision, §3.8(A) requires Appellant-Applicant to obtain conditional use approval to undertake the construction proposed in his application. If construction of additional features on a non-complying structure (in such a way that they increase the degree of non-conformity) were only treated as a permitted use, under the use category of addition of an accessory structure, the provisions of the ordinance requiring conditional use review of proposed expansions of non-complying structures would be rendered surplusage. The Court must avoid construction of ordinance language that would make it surplusage. In re Dunnett, 172 Vt. 196, 199 (2001); In re: Hartland Group, 237 North Ave. Project (Appeal of Bjerke, et al.), Docket No. 120-6-05 Vtec, slip op. at 13 (Vt. Envtl. Ct., Dec. 14, 2006). Therefore, the alterations made in the April 23, 2007 decision do not change its result. Even if the application falls within the use category of "accessory structure," it also requires approval as an expansion of a non-complying structure. As the application was not before the DRB for conditional use review, the Court cannot reach the merits of whether the proposal qualifies for approval under §3.8(A).

Accordingly, it is hereby ORDERED and ADJUDGED that Appellant-Applicant's motion for reconsideration of the April 23, 2007 Decision is GRANTED in part, in that the proposed landing and stairs are not required to be separate from the main structure to fall within the permitted use category of "accessory structure," but it is otherwise DENIED, in that the application must nevertheless be considered by the DRB as a conditional use under §3.8(A) due to the proposed increase in the degree of nonconformity of the existing structure.

If Appellant-Applicant makes such an application and later files a timely appeal of a DRB decision under that section, any such appeal will be a new appeal in this Court and

will receive a new docket number.  If such an appeal is filed, Appellant-Applicant may apply to this Court at that time for a waiver of the filing fee.  See April 23, 2007 Decision at footnote 1 and text at footnote 3.  As stated in the prior decision, all but Question 4 of Appellant-Applicant's Statement of Questions has been addressed on summary judgment. Appellant-Applicant previously informed the Court that he did not wish to proceed on Question 4  alone.  Accordingly, a judgment order concluding this appeal will issue on September 21, 2007, unless before that date Appellant-Applicant informs the Court that he now wishes to proceed on Question 4.

Done at Berlin, Vermont, this 13th day of September, 2007.

_____
Merideth Wright
Environmental Judge

5