```
                    Environmental Court of Vermont
                          State of Vermont

===============================================================================
                  E N T R Y   R E G A R D I N G   M O T I O N
===============================================================================
```

Wood Certificate of Occupancy                    Docket No. 176-8-07 Vtec
     (Appeal from denial of CO)

Title: Motion for Summary Judgment (motion No. 6)
Filed: February 3, 2009
Filed By: William F. Ellis, Attorney for Appellee Town of Hartford

Title of Response: Cross-Motion for Partial Summary Judgment (motion No. 7)
Filed:              February 3, March 4, and March 16, 2009
Filed By:           Appellants Marc & Susan Wood


  _X_ Granted (as to the Town)    _X_ Denied (as to Appellants)    ___ Other

        The project which is the subject of this Docket has also been the subject
of a number of other Dockets presented to this Court over the span of nearly
ten years.  The most recent major decisions concerning this project are (1) the
Decision in five combined Dockets, entitled Town of Hartford v. Wood, Nos. 72-
3-00 Vtec, 121-7-03 Vtec, 185-10-04 Vtec, 81-4-07 Vtec, & 176-8-07 Vtec (Vt.
Envtl. Ct. Mar. 6, 2008) (Durkin, J.); and (2) Appeal of Wood, Nos. 185-10-04
Vtec & 174-8-05 Vtec (Vt. Envtl. Ct. Apr. 13, 2006) (Durkin, J.).  These recent
Decisions provide a recitation of the relevant facts that we rely upon—in
addition to other facts cited below—in rendering our Decision here.

        In this Docket, No. 176-8-07 Vtec, Appellants have presented forty-nine
Questions for our review in their Statement of Questions.  However, the legal
issue presented by this appeal is a straightforward and singular one: Were
Appellants entitled to a certificate of occupancy ("CO") when Mr. Wood applied
for one on March 7, 2007?  To consider this issue, we are guided by the permit
(#99-1180) issued by the Town of Hartford Zoning Administrative Officer ("ZOA")
for the specific project for which Appellant now seeks a CO.  Permit #99-1180
was issued in October 1999; its term was to have expired long ago.  However, we
previously determined that because of pending litigation, the time period in
which Appellant had to complete the project authorized by Permit #99-1180 had
been tolled and reactivated when the litigation was completed; we determined
that the time period in which the permit authorized construction was reset to
expire on March 10, 2007.  See Appeal of Wood, Nos. 185-10-04 Vtec & 174-8-05
Vtec, slip op. at 15–16 (Vt. Envtl. Ct. Apr. 13, 2006) (Durkin, J.).

        As we have repeatedly stated in the prior Decisions referenced above,
this Court is one of limited jurisdiction; we are only authorized to address
legal issues preserved for our review in an appeal of the specific municipal
determination made below.  In re Torres, 154 Vt. 233, 235 (1990).  Here, the
only issue noticed and reviewed by the ZBA was Mr. Wood's appeal of the ZAO's
denial of his request for a CO for the project authorized by Permit #99-1180.
Since only Appellant's Questions 1, 2, 31, 32, and 35 address the denial of
Appellants' CO request, we conclude that we only have authority to address
those Questions.  See id.; In re Maple Tree Place, 156 Vt. 484, 500 (1991).
Since all remaining Questions request review or reconsideration of legal issues
outside those we are authorized to address in this appeal, we hereby DISMISS
all remaining Questions and enter summary judgment in the Town's favor on them.

Even when viewing the material facts in a light most favorable to Appellants, see, e.g., <u>Toys, Inc. v. F.M. Burlington Co.</u>, 155 Vt. 44, 48 (1990), we can only conclude that Appellants were not entitled to a CO when Mr. Wood requested it on March 7, 2007. It is indisputable that his project had not been completed in accordance with Permit #99–1180. The Town has submitted numerous exhibits, including photographs and a sworn affidavit from the ZAO, detailing the numerous deficiencies in Appellants' project as of March 7, 2007, including: whole structures were unfinished; no parking or storm water swale had been constructed; no state site inspection report had been filed (because the work had not been completed) for underground tanks and piping; and no engineer's certification had been made to ensure that the steep bank and retaining wall had been constructed according to the approved plans.

None of the evidence Appellants have presented in this appeal provides a material foundation for refuting the compelling evidence submitted by the Town in support of its summary judgment request. In fact, Appellants' evidence in part confirms the lack of conformance to the terms and conditions of Permit #99–1180. For example, Appellants' own engineer confirms that the retaining wall has not been completed in accordance with Permit #99–1180. See March 6, 2007 letter from John B. Stevens, PE, a copy of which the Town submitted as page 2 to its Exhibit A (defending the wall as stable, but also noting that the wall was <u>not</u> constructed according to the approved plans, since Appellants used salvaged concrete slabs instead of natural stone to construct the wall).

We have already provided specific legal conclusions regarding the permit requirement that Appellants' retaining wall be designed and certified by a licensed engineer. See <u>Appeal of Wood</u>, 185–10–04 Vtec & 174–8–05 Vtec, slip op. at 12–14, 16 (Vt. Envtl. Ct. Apr. 13, 2006) (Durkin, J.). Despite this direction, Mr. Wood appears to disregard the absolute requirement that his permit only authorizes him to construct the project as approved. Appellants received repeated notices that to receive a CO, their project had to be completed in accordance with the approved plans.

In its Findings of Fact, Conclusions of Law, and Decision of March 31, 1999 (a copy of which Appellants supplied as their Exhibit A), the Hartford ZBA gave notice of several specific requirements that must be met before a CO would issue for Appellants' project. See Appellants' Exhibit A, at 10–11. We have yet to be presented with evidence that shows, even when viewed in a light most favorable to Appellants, that even one of these conditions has been met. Given that Appellants' failure to fulfill even one of these conditions would preclude the issuance of a CO, we conclude that a CO cannot issue under Permit #99–1180 for the work that Appellants have partially completed on their project. We therefore GRANT the Town summary judgment in this proceeding and DENY it to Appellants. The ZAO's refusal to issue a Certificate of Occupancy is hereby UPHELD.

_____     __June 10, 2009__
        Thomas S. Durkin, Judge               Date

================================================================================
Date copies sent to: _____        Clerk's Initials _____
Copies sent to:
    Appellant Marc & Susan Wood
    Attorney William F. Ellis for Appellee Town of Hartford