

APR 12 2010

VERMONT
ENVIRONMENTAL COURT

Environmental Court of Vermont
State of Vermont

=====================================================================

E N T R Y   R E G A R D I N G   M O T I O N

=====================================================================

SP Land Co., et al. A250 LU Permit Amendment,    Docket No. 257-11-08 Vtec
Project:      SP Land Co., et al. A250 LU Permit Amendment (subdivision)
Applicants:   SP Land Company, LLC, et. al.

Title:        Motion to Alter or Amend, (Filing No. 4)

Filed:        December 15, 2009

Filed By:     Hershenson, C. Daniel, Attorney for Appellant Mountainside
              Properties, Inc.

Response filed in Opposition on January 11, 2010, by Co-Applicants SP Land
Company, LLC, MTB Killington, LLC, AMSC Killington, LLC, and SP II Resort,
LLC

____ Granted              ____ Denied              _X_ Other

On December 1, 2009, this Court issued a Decision on Cross-Motions for
Summary Judgment and Dismissal, in which we affirmed the District #1
Environmental Commission Coordinator's decision to issue an administrative
amendment to the Killington Resort Village Master Plan Findings of Fact,
Conclusions of Law, and Order #1R0835 ("Master Plan Findings"). The
administrative amendment authorized Co-Applicants MTB Killington, LLC, AMSC
Killington, LLC, SPII Resort, LLC, and SP Land Company, LLC to realign the
boundary lines within the proposed Killington Resort Village, resulting in
the subdivision of the area into fifteen separate lots. Mountainside
Properties, Inc. ("Mountainside"), who opposes the administrative amendment,[1]
has filed a motion requesting this Court alter our December 1 Decision.

In our December 1 Decision, we rejected Mountainside's request to more
thoroughly review the future development that may occur on property, the
subdivision of which is authorized by the administrative amendment.[2] In re SP
Land Co. Act 250 Permit Amendment, No. 257-11-08 Vtec, slip op. at 8-9 (Vt.
Envtl. Ct. Dec. 1, 2009) (Durkin, J.). In so doing, we explained that such a
review was beyond the scope of our jurisdictional authority because Co-
Applicants had not yet received approval to proceed with any development
within the Resort Village. Id. at 8 (citing In re Torres, 154 Vt. 233, 236
(1990)). Not only did the administrative amendment provide no authority to
begin construction or improvements, but the Master Plan Findings to which Co-
Applicants remain encumbered also provided no authority to develop property
within the Resort Village. Id. at 8-9. In fact, Co-Applicants had not yet
received a master plan permit for the proposed development. Id. at 3. Thus,
we explained that Co-Applicants are required to secure approval in future
proceedings for any development activities within the Resort Village,

---

[1] Mountainside holds an easement over a portion of the lands proposed for subdivision.

[2] We also concluded that Mountainside was not entitled to co-applicant status in the proceedings because their
easement interest on the property was not substantial enough to require their participation in the proceedings. In re
SP Land Co. Act 250 Permit Amendment, No. 257-11-08 Vtec, slip op. at 6–7 (Vt. Envtl. Ct. Dec. 1, 2009) (Durkin,
J.) (citing Act 250 Rule 10(A)). In fact, we ultimately determined that that there would be no impact on
Mountainside's property interest as a result of the administrative amendment being granted. Id. at 9.

including that which may impact upon Mountainside's easement interest.  Id.
at 9.

In its pending motion to alter, Mountainside argues that Co-Applicants'
subdivision proposal is unsuitable for an administrative amendment because
Act 250 Rule 34(D), which authorizes administrative amendments, does not
provide sufficient authority in this case.  According to Mountainside, Rule
34(D) only allows the "district coordinator to amend a permit" to authorize
"minor revisions to permitted projects."  Act 250 Rule 34(D) (emphasis
added).  Mountainside then highlights this Court's announcement that Co-
Applicants have not yet received an Act 250 permit authorizing the
development of property within the Killington Resort Village; Co-Applicants
only received some positive findings in the Master Plan proceeding.  SP Land
Co., No. 257-11-08 Vtec, slip op. at 3.  Mountainside also notes that the
subdivision proposed in Co-Applicants' administrative amendment application
requires an Act 250 permit pursuant to 10 V.S.A. §§ 6081(a), ultimately
concluding that that Rule 34(D) cannot apply and that Co-Applicants' proposal
must undergo a review of all applicable Act 250 criteria.

Co-Applicants respond by arguing that Mountainside interprets Rule
34(D) too narrowly, thereby elevating form over substance.  Co-Applicants
explain that the Master Plan Findings are binding and that they have the full
force and effect of a permit.  Act 250 Rule 21(D).  Therefore, to change the
Killington Resort Village Master Plan, Co-Applicants must request an
amendment pursuant to Rule 34.  Co-Applicants argue that requiring an Act 250
permit before an applicant can amend a master plan is inconsistent with the
purpose of the Master Plan Policy, as described in the Master Permit Guidance
Document, and it construes Rule 34 too narrowly.

The parties have therefore raised an interesting issue: does the lack
of an Act 250 permit preclude the issuance of an administrative amendment to
the master plan, pursuant to Rule 34(D), even though an applicant is
nonetheless encumbered by Master Plan Findings of Fact and Conclusions of Law
previously rendered?  To assist the Court in answering this question, we
request that the Land Use Panel of the Natural Resource Board ("NRB"), which
has entered an appearance in this proceeding for informational purposes, to
provide the Court and the parties with a memorandum discussing any former
Environmental Board precedent relevant to resolving this issue.

We request that the NRB file the requested memorandum by Monday May 3,
2010.  To the extent that the parties wish to respond to the NRB memorandum,
they shall be entitled to do so within ten (10) business days thereafter.

_____          ____April 12, 2010____
        Thomas S. Durkin, Judge                       Date

==============================================================================
Date copies sent to: _4/13/10__          Clerk's Initials _____
Copies sent to:

        Attorney C. Daniel Hershenson for Appellant Mountainside Properties, Inc.

        Attorney Melanie Kehne for Natural Resources Board/LU Panel (FYI only)

        Attorney Timothy M. Eustace for Appellees/Co-Applicants SP Land Company,
             LLC, MTB Killington, LLC, AMSC Killington, LLC, and SP II Resort, LLC