STATE OF VERMONT

| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 110-8-14 Vtec |
|---|---|
| LeGrand & Scata Variance Application | DECISION ON MOTION |

### Decision on Renewed Motions for Summary Judgment

This matter concerns a property at 2 Railroad Street in Troy, Vermont ("Property") and the application by Paul LeGrand and Donna Scata ("Applicants") for a variance to allow installation of a mobile home within both of the side-yard setbacks. Applicants appealed a Town of Troy Zoning Board of Adjustment ("ZBA") decision dated July 22, 2014 denying their variance application and filed a Statement of Questions containing six questions mirroring the criteria for a variance under 24 V.S.A. § 4469(a).

Applicants are represented in this appeal by Paul S. Gillies, Esq. The Town of Troy ("Town") is represented by Sara Davies Coe, Esq. A nearby neighbor—Betty Provost—also appears in these proceedings as an Interested Person, with the assistance of her son-in-law, Alfred W. Ricciardi.[1]

Applicants previously filed a motion for summary judgment, seeking judgment as a matter of law in their favor as to all variance criteria. By a decision filed May 29, 2015, the Court granted summary judgment to Applicants on two of the legal issues they presented in their Statement of Questions, but denied summary judgment on Applicants' remaining four Questions (Questions 1, 3, 4, and 6). The parties were then directed to prepare for trial.

On July 17, 2015, Applicants filed a second summary judgment request, asserting that, by operation of law,[2] they had recently acquired adjoining lands previously held by the Town of Troy ("Town") and identified as Main Street Extension. Both the Town and Ms. Provost filed legal memoranda in opposition to Applicants' second summary judgment request; each

---

[1] Mr. Ricciardi is an attorney licensed in Arizona and Massachusetts but not in Vermont. Relying on the authorization filed by Ms. Provost, we have allowed Attorney Ricciardi to serve as Ms. Provost's spokesperson.

[2] Applicants argue that the Town of Troy has failed to properly identify the Main Street Extension and that title to the land therefore reverts to them, as adjoining land owners. 19 V.S.A. § 302(6)(G).

opposition asserted reasons for why this Court should not grant Applicants' request. Applicants responded to those objections by reply memoranda, filed with the Court on September 17, 2015. The Court has considered all of those filings and issues this decision in response.

### Factual Background

In its May 29 decision on summary judgment, the Court recited eleven paragraphs of material facts alleged by the parties that it understood were undisputed; the Court relied upon these representations of undisputed material facts solely for the purpose of rendering its prior decision. We understand that the parties continue to not dispute the material facts recited in our May 29 decision. For the sole purpose of ruling on the motion, we therefore incorporate paragraphs 1 through 11 of our May 29 decision and list two additional facts below, all of which we understand to be undisputed.

1.    Main Street Extension has been represented by the Town as a Class 4 Town Highway, although there has been no evidence presented as to when or whether the Town has ever formally laid out, had surveyed, or certified as open the roadway now known as Main Street Extension.

2.    When the Town completed its Town Highway maps prior to July 1, 2015 so as to conform to 19 V.S.A. § 305(c), those Town maps did not include a depiction of the roadway known as Main Street extension.

### Discussion

By their pending motion, Applicants seek judgment in their favor, but not on the legal issues presented in their Statement of Questions. In their Statement of Questions, Applicants argued that they were entitled to a variance under the statutory variance criteria. See 24 V.S.A. § 4469(a) and Bylaw § 512. Applicants now assert that they have acquired Main Street Extension, which adjoins their property, due to the Town's failure to properly identify that land. They argue that because their property is now larger, their proposed mobile home no longer violates the Town's setback minimums for this zoning. Based upon this assertion, Applicants request that this Court conclude that a setback variance is no longer needed for their proposed development and that the Court should therefore direct the Town to issue a zoning permit for their proposed development. For the several reasons stated below, we decline to enter the requested judgment and directive, and give notice of our intention to dismiss this appeal.

Ours is a Court of limited jurisdiction, 4 V.S.A. § 34, and our scope of review even in matters properly within our jurisdiction is limited to the legal issues preserved for our review by

2

the statement of questions that an appellant files. See V.R.E.P. 5(f) ("The appellant may not raise any question on the appeal not presented in the statement as filed . . . ."). Thus, because Applicants now ask that we afford a type of relief that is beyond the scope of the legal issues presented in their Statement of Questions, we must decline their request, no matter how solid the legal foundation may be.

We must also decline their request because Applicants ask this Court to violate one of the basic tenants of land use litigation: that this Court's power is limited to the scope of the decision appealed from, and that an application that has been substantially or materially changed may not be presented for the first time to this Court on appeal. In re All Metals Recycling, Inc., 2014 VT 101, ¶ 19, ___ Vt. ___. Rather, this Court must respect the integrity of the process by first affording the appropriate municipal panel the opportunity to review and decide on the materially changed application before this Court ventures into its own review. Id. Where an applicant seeks a different type of permit for the first time on appeal, the application has materially altered, and the Court must remand the materially altered application to the appropriate municipal body. In re Torres, 154 Vt. 233, 235–37 (1990) (reversing lower court's grant of a conditional-use approval because applicants originally sought only a zoning permit, and the Court was without power to grant the materially altered application).

Given that Applicants here essentially announce that they no longer intend to seek a variance, and now wish to merely apply for a zoning permit, their application has substantially and materially changed. See id. When such a change occurs, we must first afford the municipal panel the opportunity to provide notice to interested parties and review the revised application in the first instance. Id. Therefore, to the extent that Applicants wish to apply for a zoning permit without the benefit of first securing one or more variances, on the legal theory that variances are no longer needed, they must first submit such an application to the Town of Troy Zoning Administrator. We decline Applicants' request to direct that the Zoning Administrator issue such a permit. Rather, we defer to the Administrator, so that he may render his decision first on such an application, if and when it is filed. If Applicants or any other interested persons are then dissatisfied with the Administrator's decision, they would have the opportunity to file a timely appeal of that decision, first with the ZBA and then with this Court.

3

Lastly, we must also reject Applicants' request because they appear to be asking this Court to render a legal determination that is beyond the scope of our limited jurisdiction. See 4 V.S.A. § 34. The legal issue Applicants present is essentially a challenge to the title of the property known as Main Street Extension. The basis for their legal claim is a statute governing title to town highways and rights-of-way, which the Legislature passed to address problems arising from undocumented roads. See 19 V.S.A. § 302(a)(6). Section 302 and its companion statutes were passed to allow municipalities to give notice of their established roadways and, when they fail to do so, to allow title to the land that was once that roadway to revert to prior or adjoining property owners. Id. The legal issue is a fascinating one, and one on which Applicants' attorney is a recognized authority. Nevertheless, the issue is essentially a property dispute, and the only proper forum for resolving property disputes is the Civil Division of the Superior Court. E.g., Town of Charlotte Rec Trail, No. 98-5-08 Vtec., slip op. at 13 (Vt. Super. Ct. Envtl. Div. Feb. 14, 2012) (Durkin, J.).

For all these reasons, we **DENY** Applicants' motion for summary judgment. Further, given the nature of Applicants' pending motion and their assertion that they no longer need a variance, we are inclined to agree with the legal propositions espoused by Ms. Prevost that Applicants' pending appeal is moot and should be dismissed. However, since neither the Town nor Ms. Prevost has filed a summary judgment motion, we are obligated to provide notice of our intention to enter judgment against Appellants, pursuant to V.R.C.P. 56(f). We therefore provide Applicants with an opportunity to file a memorandum in opposition to the judgment that the Court suggests. Applicants shall have until **December 11, 2015** to file such a memorandum; any parties wishing to file memoranda in response shall have until **December 28, 2015** to do so. The Court will thereafter consider all filings and render its final judgment.

Electronically signed on November 12, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division