# STATE OF VERMONT

SUPERIOR COURT                                                    ENVIRONMENTAL DIVISION
                                                                 Docket No. 119-9-16 Vtec

| Pelkey Subdivision Amendment |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Reopen & Enforce Corrected Stipulated Judgment Order (Motion 2)

Filer:          Theodore and Michelle Pelkey

Attorney:       Brian P. Monaghan

Filed Date:     January 17, 2019

Response in Opposition filed on 02/14/2019 by Attorney. John H. Klesch for the Town of Westford

Reply filed on 03/08/2019 by Attorney Brian P. Monaghan for Mr. & Mrs. Pelkey

**The motion is DENIED.**

Appellants Theodore and Michelle Pelkey ("Appellants") own and occupy a 11.32± acre parcel of land along Vermont Route 128 in Westford, Vermont ("the Property"). The Property is currently improved with a single-family residence; an attached garage; a second, unattached garage; and a third, unattached garage. Mr. Pelkey uses the second and third garages for storage of some personal equipment and as part of his "home occupation," which consists of off-site excavation work.

The above referenced docket concerns the Pelkeys' appeal from a Town of Westford Development Review Board ("DRB") denial of their application to amend a previously issued two-lot subdivision approval for the Property.[1] This most recent subdivision amendment application sought authority to change the identified building envelope on Lot 1 (the front lot). While Appellants made some general references to a fourth structure they wished to build on Lot 1, there was no application then pending for a permit to construct a building or driveway within the revised building envelope.

After this 2016 appeal was filed, the parties engaged in settlement discussions, which ultimately led to a resolution of Appellants' disputes with the Town of Westford ("Town"). The

---

[1] In 2012, Appellants applied for approval to subdivide the Property into two lots. They also applied for mixed use PUD, conditional use, and site plan approval for the construction and use of a 4,000-square-foot building and driveway on Lot 1, which consisted of 2± acres ("Original 2014 Subdivision Approval"). See In re Pelkey Final Plat Major Subdivision, Nos. 30-3-12 Vtec, 172-12-12 Vtec, slip op. at 5–9, 39 (Vt. Super. Ct. Envtl. Div. Dec. 31, 2014) (Durkin, J.). The Pelkeys chose not to develop the Property in this fashion.

parties filed a Stipulated V.R.C.P. 58 Judgment Order that was based on their settlement. The Court accepted the parties' Stipulated Order and signed and filed it on January 18, 2017.

Then, on June 16, 2017, Appellants filed a motion to be relieved from the Stipulated Judgment Order. Their request was based upon a realization that the parties had failed to provide the Court with a site plat that was prepared and certified by a licensed land surveyor. State law directs that only a certified site plat can be accepted for recording in a town's land records. Appellants proposed that this deficiency could be corrected by the Court issuing a Corrected Stipulated Judgment Order, with a certified plat prepared by a licensed land surveyor attached as Exhibit B. The parties' original non-certified plat remained attached to the Corrected Order as Exhibit A.

Appellants suggested no other changes to the Stipulated Judgment Order.

The Court granted Appellants' motion and signed and filed the Corrected Stipulated V.R.C.P. 58 Judgment Order on June 21, 2017. This Corrected Judgement Order did not include or make reference to an application for a zoning permit to authorize any additional building, driveway, or use on Appellants' property. Both the original Stipulated Order and the Corrected Judgment Order only approved the building envelope amendment to the Original 2014 Subdivision Approval.

Both the original and Corrected Judgment Order also referenced the grading or point system that would or could be applied to any future development Appellants proposed, and whether such future, undefined development could occur with or without review and approval by the DRB. The Order does not alleviate Appellants from the obligation to secure a zoning permit for any future development, whether DRB review was required or not.

Appellants appear to now assert that the Corrected Judgment Order, and the Stipulation upon which it was based, required the Town of Westford Zoning Administrator ("Zoning Administrator") to automatically approve Appellants' future zoning permit application. We find no such directive in the Corrected Judgment Order. Furthermore, had the parties' Stipulation directed such an automatic action, this Court would have declined to approve and sign the proposed Judgment Order.

First, we note that the Stipulated Judgment Order make no reference to a specific development plan. With no specific plan, we would have been unable to discern whether Appellants' proposed development plan simply needed zoning permit approval, or needed to be reviewed by the DRB. The fact that the Corrected Judgment Order speaks to the two alternatives—where the DRB's review is either required or not—reinforces the obvious reality that no specific development plan had been presented to the Court.

In its Reply Memorandum, the Town offers several other convincing arguments for why Appellants' assertions must be rejected and their motion denied. First, the Town notes that our jurisdiction in the Docket No. 119-9-16 Vtec appeal was limited to the legal issues Appellants raised in their Statement of Questions. Reviewing that Statement, filed on September 29, 2016, we find that it only makes reference to Appellants' subdivision amendment application; the Statement contains no reference to a proposed development planned for the subdivided lots. It would therefore have been improper for this Court to review any proposed future development

on the subdivided lots, since such legal issues would have been beyond our jurisdiction in that appeal. Further, there is no indication that we did so.

The record also reveals that the application presented to the DRB and this Court in that docket contained no reference to a specific proposed development, only to a proposed change to the building envelope. See Town of Westford Development Review Board Findings of Fact, Conclusions of Law & Order, dated Sept. 7, 2016, a copy of which was filed with Appellants' Notice of Appeal and Statement of Questions on Sept. 29, 2016.

A land use application limits the review of an appropriate municipal panel, as well as this Court's review when it is asked to consider that same application on appeal. See In re Torres, 154 Vt. 233, 236 (1990) (emphasizing that the Environmental Division must apply the same standards applicable before the municipal panel below); V.R.E.C.P. 5(g); 24 V.S.A. § 8504(h). When an application is presented to this Court for review on appeal, it may not convert that application for review under a different ordinance provision or address issues outside its scope. Rather, that reviewing court must allow that new application to first be considered by the appropriate municipal panel. Id. Thus, this Court had no authority to consider or offer approval to Appellants for any land use development, other than the subdivision amendment requested by their application.

Finally, were we to adopt Appellants' interpretation of the Corrected Judgment Order, we would in effect be directing a zoning permit approval that was never noticed for review by the DRB or this Court. No neighbors or other interested persons would have been made aware that Appellants' request for a zoning permit was being considered until after it was granted. Such an approval would be improper and against the most basic due process tenets of land use law and cannot be read into the Corrected Judgment Order.

Appellants seem to acknowledge, in some sections of their motion, that an application for approval of a specific development was not presented to this Court in the prior docket. As noted above, the record reveals as much. Appellants offer in the alternative that the parties' Stipulation and the Corrected Judgment Order directed the zoning administrator to automatically issue a zoning permit for any development to be disclosed in the future. We reject this variation of Appellants' argument for the same reasons that we cannot accept their argument that the Corrected Judgment Order should be interpreted to issue outright approval of Appellants' to-be-disclosed future development. Further, such a directive would be an invalid condition subsequent, which we decline to read into those documents.

Lastly, for all these same reasons, we reject Appellants' assertion that this Court can and should hold the Town in contempt for not issuing the zoning permit Appellants now request. Appellants have not presented sufficient evidence to support a finding that the Town has acted improperly under the Corrected Judgment Order. There being insufficient evidence to render such a finding, we **DENY** Appellants' contempt request.

Appellants state six prayers for relief in the ad damnum section of their motion. We respond to those requests as follows:

(A) We **DENY** Appellants' request to reopen Docket No. 119-9-16 Vtec for further proceedings;

(B) We **DENY** Appellants' request that we issue an order requiring the Town to conform to the Corrected Judgment Order; rather, we conclude that the Town has already done so;

(C) We **DECLINE** to issue an order requiring the Town to approve the Pelkeys' zoning permit application for a new garage and associated improvements;[2]

(D) For the reasons already stated, we **DENY** Appellants' request that we hold the Town in contempt, since Appellants have failed to provide us with a sufficient basis to make such a contempt determination;

(E) We **DECLINE** to award Appellants any reimbursement of their attorneys' fees incurred in this proceeding; and

(F) We **DECLINE** to award Appellants any other relief, since we conclude that such relief would not be equitable or just.

**So Ordered.**

Electronically signed on June 28, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
Brian P. Monaghan (ERN 1186), Attorney for Appellants Theodore and Michelle Pelkey
John H. Klesch (ERN 2043), Attorney for the Town of Westford
Interested Person Thomas White

---

[2] Mr. and Mrs. Pelkey subsequently submitted an application for a zoning permit, with a supporting site plan and other materials, for an 8,000-square-foot garage, related parking area, and access drive. That application was denied by the Town of Westford Zoning Administrator. When the DRB upheld the Administrator's denial of that permit application on November 28, 2017, the Pelkeys appealed to this Court. That appeal was assigned Docket No. 167-12-17 Vtec.

The Court conducted a three-day trial on the appealed application and a related enforcement action. That trial was completed on January 30, 2019. The parties completed their post-trial briefing on March 26, 2019, and the Court has now taken the matter under advisement. We do not address the issues relevant to that docket here.