STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Spurr Self Storage Unit      }        Docket No. 224-10-07 Vtec
     Construction Application      }
     (Appeal of Spurr)      }
                          }

<u>Decision and Order on Cross-Motions for Summary Judgment</u>

Appellant-Applicant Jeff Spurr (Appellant) appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Weathersfield denying his appeal of the Zoning Administrator's denial of his application as a permitted use and denying his application to the ZBA for consideration of a proposed self-storage use as falling within the "other uses" category of conditional use in the Highway Commercial zoning district. Appellant is represented by Thomas M. Rounds, Esq.; and the Town is represented by J. Christopher Callahan, Esq. Question 3 of the Statement of Questions was withdrawn on January 22, 2008.

The parties have moved for summary judgment on Question 2 of the Statement of Questions, relating to whether this Court[1] should determine that the proposed self-storage use falls within the "other uses" conditional use category in the Highway Commercial zoning district.

Appellant has also moved for summary judgment on Question 1 of the Statement of Questions, while the Town has requested that Question 1 be remanded to the ZBA if the Court should determine that self-storage facilities are allowed to be considered as a

_____

[1] Question 2 is posed in terms of whether the ZBA improperly defined "highway commercial;" however, the question of whether the proposal should be considered within the "other" conditional use category is for this Court to determine anew, as this is a <u>de novo</u> proceeding.

1

conditional use in this zoning district. To the extent that Question 1 involves the merits of Appellant's application for conditional use approval, the Town's request for conditional remand is denied as moot or unnecessary, and Appellant's motion for summary judgment on that question must also be denied. The merits of Appellant's application for conditional use approval were not before the ZBA, and therefore are not within the scope of this appeal and are not before the Court in this de novo proceeding. See In re Torres, 154 Vt. 233, 235 (1990) (Court's de novo authority is as broad as the municipal panel's but not broader).

All that is before the Court in the present appeal is whether the use category of "self-storage" falls within a permitted use category for the Highway Commercial zoning district or whether it is of a similar type and character as the uses listed as permitted or conditional uses in the Highway Commercial zoning district, and, if so, whether it "meets the purposes" of that district. The following facts are undisputed unless otherwise noted.

Appellant owns a 1.1-acre parcel of property with 250 feet of frontage, at 4159 Route 106, in a Highway Commercial zoning district. The Zoning Districts map has not been provided to the Court in connection with the present motions, and therefore the Court cannot determine whether there is more than one area within the Town that is classified as a Highway Commercial zoning district. The ZBA decision on appeal in this matter also refers to two pages of the Weathersfield Town Plan: pages 54 and 59, regarding the "Route 106 Downers Corners" area. However, the parties also have not provided the Town Plan in connection with the present motions.

Appellant submitted a zoning permit application to change the use of the property from a single-family residential use to a self-storage business use, involving the removal of the existing single-family house on the property. As originally filed, the application requested approval of a single 175' x 30' self-storage building, occupying 5,250 square feet in area. At some point in the proceedings, the application was amended to add a second

2

building, 175′ x 40′ in area, giving the buildings a total of 12,250 square feet in area. The buildings are proposed to be surrounded by a gravel drive.

The Zoning Administrator denied the application on the basis that the use category of "self-storage" is not a listed permitted use in the Highway Commercial zoning district. Zoning Bylaws, § 4.3.2(f). Appellant appealed the decision to the ZBA, apparently requesting it to determine that the proposed "self-storage" use could be considered within the "other uses" conditional use category for the district.

Section 4.3.1 of the Zoning Bylaws lays out the description and purpose of each zoning district. The entry for the Highway Commercial zoning district states:

> Areas adjacent to highways or highway intersections with sufficient traffic to support the efficient provision of goods and services to the public. Serves local residents and transients, provides some local employment and helps to broaden the Town tax base. Access drives and curb cuts must be carefully planned to avoid traffic nuisances and dangers.

The entry for each zoning district within § 4.3.2 contains the listed permitted uses, conditional uses, and uses specifically not allowed in that particular zoning district. For each zoning district, the final entry in the list of conditional uses is the following:

> [o]ther uses (as determined after public hearing, by the Board of Adjustment, to be of a similar type and character as those listed above and meeting the purposes of this District).

Of the listed use categories in the Highway Commercial zoning district potentially relevant to the parties' arguments, the "Highway Commercial" and "Light Industrial" use categories are permitted uses in the district, while the use categories that are listed as not permitted in the district include "Industrial" and "Nonhighway Commercial." Zoning Bylaws, § 4.3.2(f). Of the conditional use categories allowed in the district, at least three: "Contractor's storage (materials, machinery, heavy equip[ment])", "mortuary" (specifically included in the "Semi-Public" use category), and "wireless communications facilities," do not involve active or retail commercial activity or depend on highway traffic for customers.

3

The use category of "Highway-Commercial" is defined in Section 8 of the Zoning Bylaws as:

> [t]he use of a structure and/or lot for the following purposes: motel or large hotel; shopping plaza; wholesale[2] or retail sales; drive-in theater; restaurant; drive-in food service; drive-in bank; lumber yard;[3] sales and service of automobiles, mobile homes, large boats or recreational vehicles; dry cleaner; bar; nightclub; or any other purpose deemed by the Zoning Board of Adjustment to be similar in nature to those listed.

The use category of "Non-highway Commercial" is defined in Section 8 as: "[t]he use of a structure and/or lot for the following purposes: wholesaler, fuel oil depot, bottled gas depot, coal depot, lumber yard, and other similar purposes as determined by the Zoning Board of Adjustment."  The use category of "Industry" is defined in Section 8 as: "[t]he use of a building or land for the manufacture, production, processing, assembly or storage of goods or commodities. Includes research, testing, and large offices; and others deemed similar in nature by the Zoning Board of Adjustment."  The "Light Industry" use category is defined as the "same as" the "Industry" use category, but is restricted, among other criteria, to buildings having less than ten thousand square feet.

Appellant argues that the ZBA should have been estopped by a 2004 ZBA vote on a request for interpretation of the zoning bylaws relating to an unrelated office/self-storage project also in a Highway Commercial zoning district ("the Wyman request").  While it is important for municipal boards to issue rational and consistent decisions, and to give rational reasons for differences in decisions between apparently similar cases, the 2004 vote on the Wyman request does not give rise to an estoppel in the present case.

The present case does not present a similar situation to that in In re Lyon, 2005 VT

---

2  "Wholesaler" is also listed under "Non-highway Commercial."
3  "Lumber yard" is also listed under "Non-highway Commercial."

63, 178 Vt. 232, relied on by Appellant.  In the Lyon case, the Vermont Supreme Court ruled that the ANR's issuance of a permit to an applicant, which action was not appealed by any interested party, estopped the ANR from later revoking that applicant's permit, even though the permit had been issued without requiring the property's compliance with certain certification requirements.   In re Lyon cannot be read to extend such estoppel to some undefined later applicant who wishes to receive the same treatment.

In an analogous situation, each applicant for a variance who appeals a denial to Environmental Court in a de novo appeal must prove that the specific proposal meets all five criteria for a variance, regardless of whether similar neighboring proposals have obtained variances at the municipal level that may or may not have actually been justified under the variance criteria.   The Court is obligated to apply the statute and the municipality's zoning ordinance to the specific facts of each application that comes before the Court.  10 V.S.A. §8504(h); V.R.E.C.P. 5(g).

First and most importantly, the August 25, 2004 ZBA vote on the Wyman request seems to have been an impermissible advisory interpretation, rather than an action on a pending permit application or on an appeal from a Zoning Administrator's act or decision. See In re Remy Subdivision Alteration, Docket No. 21-1-08 Vtec, slip op. at 7 (Vt. Envtl. Ct. July 31, 2008) (Durkin, J.) (refusing to consider on appeal a request for interpretation over which the municipal panel had lacked jurisdiction); and see  In re Appeal of 232511 Invs., Ltd., 2006 VT 27, ¶¶ 18–19, 179 Vt. 409, 417 (prohibiting rendering a decision on a hypothetical application).  As far as it can be determined from the minutes of the August 25, 2004 ZBA meeting, no application had been filed, either to the Zoning Administrator for the proposed project, or to the ZBA for a ruling that self-storage units qualify as an "other" conditional use category or to the ZBA to appeal an adverse decision of the Zoning Administrator.

Moreover, at the very least, material facts are in dispute as to all but one provision of

the 2002 Zoning Bylaws in effect at the time of the Wyman request; the only undisputed provision is that the definition of highway-commercial was the same as in the 2006 Zoning Bylaws. Nor have the parties established whether the Town Plan applicable to this area or these use categories did or did not change, between the 2004 vote and the decision on appeal, nor whether the Wyman request pertained to a location in the vicinity of Appellant's property.

Further, the Wyman project seems to have been for a self-storage facility of undefined size on the same lot as an otherwise-permitted office use. Such a proposal may pose different considerations than a free-standing self-storage facility.

In any event, without regard to the Wyman request, in the present case material facts are in dispute, or at least have not been provided to the Court, as to the Town Plan's provisions for the area in which Appellant's property is located, and as to the Town Plan's discussion, if any, of the purposes of the various zoning districts. Material facts are in dispute, or at least have not been provided to the Court, as to whether the proposed self-storage use is of a similar type and character to the permitted use categories of "Highway Commercial" or "Light Industry," or of a similar type and character to the conditional use category of "Contractor's storage." Material facts are in dispute, or at least have not been provided to the Court, as to whether the Town Plan discusses the distinction between the "Non-highway Commercial" excluded use category and the "Highway Commercial" permitted use category, or whether it in any way illuminates the distinction between the apparent bulk storage or truck access characteristics of the uses listed as examples of the "Non-highway Commercial" use category, as contrasted with the uses listed as examples in the "Highway Commercial" use category, or how to rationalize the overlap of wholesalers and lumber yards in both use categories.

Further, as Appellant's proposal as initially filed sought approval of only one building of 5,250 square feet in area, the Court cannot determine whether the Zoning

6

Administrator or the ZBA had before it the question of whether the single-building proposal fell within the "Light Industry" permitted use category, as the "storage of goods," and therefore should have been acted on as a permitted use by the Zoning Administrator.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion for Summary Judgment is GRANTED in part and Appellant's Motion for Summary Judgment is DENIED in part: that the ZBA was not collaterally estopped by its 2004 vote on a motion in the matter of the Lyman request. As discussed above, the Town's Motion for Remand of the merits of Question 1 is DENIED as MOOT.

Both parties' motions for summary judgment are otherwise DENIED, in that material facts are in dispute, or at least have not been provided to the Court, as to whether the project falls within the permitted use category of "highway commercial," whether the project as originally applied for (under 10,000 square feet) falls within the permitted use category of "light industry," and as to whether the proposed self-storage use meets the purposes of the Highway Commercial zoning district and is of a similar type and character to any of the listed permitted or conditional uses, and in particular to the use categories of "highway commercial," and "contractor's storage," sufficiently to be classified as an "other uses" conditional use in the Highway Commercial zoning district. A telephone conference has been scheduled (see enclosed notice) to discuss whether an evidentiary hearing is necessary or whether the parties wish to present any additional undisputed facts or documents with regard to the remaining issues.

Done at Berlin, Vermont, this 7th day of August, 2008.

_____
Merideth Wright
Environmental Judge

7