STATE OF VERMONT
ENVIRONMENTAL COURT

|  | } |  |
| --- | --- | --- |
| **In re Martin & Perry, LLC** | } | **Docket No. 222-10-08 Vtec** |
| **Final Plat Application** | } |  |
|  | } |  |

**Decision on Motions for Reconsideration & Clarification**

Applicant Martin & Perry, LLC ("Applicant") appealed a decision by the Town of Westford Planning Commission ("Commission"), which denied Applicant's request for final plat approval of a three-lot subdivision along Route 128 in Westford, Vermont. The narrow issue raised in the appeal was whether Applicant's final plat application complies with the steep slopes provisions in §§ 6.1.1 and 7.9.7 of the Town of Westford Subdivision Regulations ("Regulations"). Applicant is represented by Vincent A. Paradis, Esq.; the Town of Westford ("Town") is represented by Joseph S. McLean, Esq.

On August 13, 2009, the Court issued an Interim Decision ("Decision") on the Town's then-pending summary judgment motion in which we determined that Regulations §§ 6.1.1 and 7.9.7 did not absolutely prohibit all development of steep slopes with a grade greater than twenty-five percent. In re Martin & Perry, LLC, Final Plat Application, No. 222-10-08 Vtec, slip op. at 5–6 (Vt. Envtl. Ct. Aug. 13, 2009) (Durkin, J.). We also concluded that whether Applicant was entitled to a waiver from the requirements of §§ 6.1.1 or 7.9.7 was a legal issue not properly before the Court. Id. at 7. Applicant had not submitted a list of requested waivers as part of its original application, as specifically required under Regulations § 5.1(18). Therefore, the Commission had not considered the waiver request in its proceedings, thereby negating this Court's ability to consider Applicant's waiver request on appeal. Id. at 6–8. We then invited Applicant to advise the Court if it wished to proceed to trial without the Court considering a waiver request. Id. at 8. In filings after our Decision, Applicant advised that it did not wish to proceed to trial at this time, but rather wished to submit a list of requested waivers for consideration by the Commission.

After Applicant notified the Court that it wished to seek a waiver under § 5.1(18) before a trial on the merits of its subdivision application, the Town filed two separate motions seeking reconsideration and clarification of the August 13 Decision. In its first motion, the Town has asked the Court to reverse its interpretation of Regulations §§ 6.1.1 and 7.9.7, contending that

1

these provisions unconditionally prohibit all development of steep slopes greater than twenty-five percent. In its second motion, the Town contends that our decision on the waiver issue was inappropriate, maintaining that Applicant is precluded from now submitting a list of waivers. The Applicant has filed responses in opposition to both motions.

We first note that the Town's motions for reconsideration are not specifically governed by Vermont Rules of Civil Procedure 59 or 60 because our August 13 Decision did not result in a final judgment; these procedural Rules only pertain to judgments after trial or verdict. In re Sisters & Bros. Inv. Group, LLP, No. 106-5-06 Vtec, slip op. at 1 n.1 (Vt. Envtl. Ct. June 27, 2007) (Durkin, J.), aff'd, 2009 VT 58. Rather, reconsideration of our Decision is governed by this Court's inherent power to reconsider interim decisions to avoid error or manifest injustice. See e.g., In re Mastelli Constr. Application, No. 220-10-07 Vtec, slip op. at 1 (Vt. Envtl. Ct. Nov. 14, 2008) (Durkin, J.), aff'd, Supreme Ct. No. 2009-072 (Sept. 4, 2009) (unpub. mem.). Nevertheless, the standards behind Rules 59 and 60 guide our analysis by analogy.

Motions to reconsider serve the narrow purpose of giving a trial court the opportunity to respond to an intervening change in controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or to prevent manifest injustice. In re Vanishing Brook Subdiv., No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (citing 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1 (construing F.R.C.P. 59)). They should "not be used to relitigate old matters, or raise arguments or present evidence that [was or] could have been raised prior to entry of the judgment." Id. Disagreement between the moving party and the Court is not grounds for reconsideration. In re Rivers Dev., LLC Appeals, Nos. 7-1-05 Vtec, 183-8-07 Vtec, 248-11-07 Vtec, & 157-7-08 Vtec, slip op. at 5 (Vt. Envtl. Ct. Nov. 21, 2008) (Durkin, J.). Given this strict standard of review, motions to reconsider are rarely granted. Id. We review both of the Town's pending motions in this light.

In its first motion, the Town has asked us to reconsider and reverse our interpretations of Regulations §§ 6.1.1 and 7.9.7. In our August 13 Decision, we rejected the Town's assertion that Applicant's subdivision proposal did not comply with Regulations §§ 6.1.1 and 7.9.7 as a matter of law. In rendering this determination, based upon a view of the facts in a light most favorable to Applicant, as the non-moving party, we noted that Applicant asserted that "the Town cannot show that [Applicant's] proposal has any roadways, building sites or utilities on a grade

exceeding 25%." Decision at 3 (quoting Applicant's Resp. to Town's Mot. for Summ. J. at 5–6). Other statements from Applicant seemed to concede that some portion of its development would occur upon or impact slopes in excess of twenty-five percent, but we made the final determination that summary judgment was not then appropriate, since material facts appeared in dispute. Id. at 3–4.

We further rejected the Town's argument that Regulations §§ 6.1.1 and 7.9.7 provide an absolute bar to Applicant's proposal, concluding that neither provision used language sufficiently clear to give an average person reasonable notice of an absolute prohibition on all development of steep slopes. Id. at 5–6. The Town asserts in its first motion that we erred in our legal interpretation of Regulations §§ 6.1.1 and 7.9.7.

We have reconsidered our legal interpretation of Regulations §§ 6.1.1 and 7.9.7 and concur that our legal analysis was incorrect. While we continue to believe that Regulations § 6.1.1 is "far from a model of clarity," id. at 4, we take this opportunity to correct our rejection of established rules of statutory construction and interpretation.

First, in regards to Regulations § 6.1.1, our prior legal conclusion that its last phrase ("which will reasonably be harmful to the safety, health, and general welfare of the present or future inhabitants of the subdivision and/or its surrounding areas") modifies all nine prior phrases, and not only the immediately preceding phrase ("or other features"), directly contradicts an established rule of statutory construction: the last antecedent rule. Under the last antecedent rule, "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows," not each of the preceding nouns in a list. Barnhart v. Thomas, 540 U.S. 20, 26 (2003). We now realize that these last two phrases actually constitute a single last phrase, since they are not separated by a comma or other punctuation. See In re Estate of Cote, 2004 VT 17, ¶ 7, 176 Vt. 293 (explaining the exception to the last antecedent rule). We conclude that our prior legal conclusion was in error and that this final phrase should be read as one of nine references where "land shall not be subdivided." Regulations § 6.1.1. The portion of this ordinance that may control Applicant's subdivision application should be read as follows:

> Land shall not be subdivided in such a way that building, including structures, roads, and utilities, occurs on land that is unsuitable due to . . . steep slopes greater than 25% . . . .

Id. Such an interpretation of Regulations § 6.1.1 is more appropriate and aligned with accepted rules of statutory construction than the interpretation we announced in our prior Decision.

Similarly, we now recognize that we conflated the phrases "lot layout" and "development" in our prior interpretation of Regulations § 7.9.7. Decision at 5–6. The former phrase is used in the first sentence of Regulations § 7.9.7, which provides direction on what should be "considered"; the latter phrase is used in the second sentence, which make the following specific determination: "[s]teep slopes of 25% grade or grater are unsuitable [for] development of structures, roads, and public utilities." Regulations § 7.9.7. Our conflation was in error; we now recognize that these two sentences should be read separately and afforded their own interpretation.

We regret our incorrect prior legal interpretation of these regulatory provisions and take this opportunity to correct this error. Rule 60 affords the opportunity for relief from "mistakes," which is a wholly separate basis for relief from the "newly discovered evidence" provisions of a later subsection. Compare V.R.C.P. 60(b)(1) and (2). Thus, while the Town has repeated and expanded upon the legal arguments it offered in its initial motion for summary judgment, we may entertain such arguments again when asked to reconsider a mistake in our prior legal determination. We do so here.

Our correction here should not, however, be regarded as a reversal of the legal outcome, because we continue to be left with our determination that material facts remain in dispute as to whether Applicant's proposed subdivision will cause the "building, including structures, roads, and utilities" or "development of structures, roads, and public utilities" that is prohibited on steep slopes of twenty-five percent or greater by Regulations §§ 6.1.1 and 7.9.7. Further, as noted by the Town in its first motion, the barrier against such building or development may be avoided when an appropriate waiver request is granted under Regulations § 5.1(18). Whether Applicant may now seek such a waiver request is the subject of the Town's second motion.

In its second motion for reconsideration, the Town asks us to reconsider and clarify our decision regarding whether Applicant could seek a waiver of the steep slopes requirements contained in Regulations §§ 6.1.1 and 7.9.7. Our Decision announced a determination that whether Applicant could obtain such a waiver was a legal issue not properly before the Court, since Applicant had not sought such a waiver with its original application. Decision at 7. We opined that a waivers request would be a substantial change to Applicant's application, not yet considered by the appropriate municipal panel below, and therefore not appropriate for the Court to consider in the first instance. Id. at 7–8 (citing In re Sisters & Bros. Inv. Group, 2009 VT 58,

4

¶¶ 19–21). We then invited Applicant to notify the Court if it wished to proceed to trial on its pending subdivision application without the benefit of a waiver request having been considered by the Planning Commission in the first instance. Id. at 8. On August 18, 2009, Applicant notified the Court that it wished to first submit a waiver request.

The Town contends that it is inappropriate to allow Applicant to submit a request for waivers from Regulations §§ 6.1.1 and 7.9.7 to the Planning Commission (which has since been replaced by the Development Review Board ("DRB")). The Town argues that the successive-application doctrine precludes Applicant from now seeking waivers when its original application omitted any waiver requests. Moreover, the Town posits that the doctrines of res judicata and collateral estoppel bar the relitigation Applicant now seeks, after a waiver request is first considered below. Finally, the Town argues that a waiver is unwarranted without first establishing noncompliance with the Regulations.[1] For the following reasons, we seek to clarify our prior Decision, but conclude that its final outcome should remain unchanged.

To begin, we note that the Town seeks a determination that any waiver request Applicant might file in the future with the DRB should be dismissed under the various doctrines prohibiting relitigation. We reject this argument, or rather decline to rule upon it, for two reasons. First, whatever waiver request Applicant may submit with its revised subdivision application is not presently before us and has yet to be acted upon by the appropriate municipal panel below. Our jurisdictional authority is limited to that which has first been reviewed by the appropriate municipal panel below; consideration of a land use application in the first instance on appeal would be improper. In re Torres, 154 Vt. 233, 235 (1990). Second, to render a determination upon an application not currently presented in this appeal could only be classified as an advisory opinion. Such advisory opinions "are outside our jurisdictional power." In re 232511 Investments, Ltd., 2006 VT 27, ¶ 19, 179 Vt. 409 (quoting In re Bennington Sch., Inc., 2004 VT 6, ¶ 19, 176 Vt. 584 (mem.)). Our Constitution confers upon our courts a limited judicial authority: "the right to determine actual controversies arising between adverse litigants." In re Bennington Sch., Inc., 2004 VT 6, ¶ 19 (quoting In re Constitutionality of House Bill 88, 115 Vt. 524, 529 (1949). To render the advisory opinion that the Town now seeks, that a revised subdivision application including a list of waiver requests should be barred by the doctrine of

---

[1] In fact, a determination of nonconformance with regulations § 6.1.1 and 7.9.7 was already made by the Commission below; it was that determination that Applicant appealed to this Court.

improper successive applications, would be an advisory opinion and improper. We are therefore compelled to **DENY** the Town's request.

In light of our decision today, it is necessary to explain the consequences of Applicant's August 18 letter. As we have explained, a list of requested waivers was not included in the original application appealed to this Court. We understand Applicant's letter to be an indication that Applicant wishes to submit a new subdivision application, this time containing a waiver request, to the appropriate municipal panel. It follows that Applicant does not wish to proceed with the application currently before the Court. It is therefore appropriate to **DISMISS** the pending application and appeal, without prejudice to either party's right to raise legal arguments in support of or in opposition to the revised subdivision application. If and when such an application is presented for our review on appeal, we will address the legal issues then properly presented to us, thereby respecting the constitution limitations of this Court's jurisdictional authority to only render decisions upon actual cases and controversies properly before us.

### Conclusion

For all the reasons more fully discussed above, we have reconsidered our prior Decision and offer the clarification provided here. In light of Applicant's desire to submit an application containing a list of requested waivers to the Town of Westford DRB, it is hereby ORDERED and ADJUGDED that this appeal is **DISMISSED,** without prejudice to either party's right to raise legal arguments in support of or in opposition to the revised subdivision application.

A Judgment Order accompanies this Decision. This completes the current proceedings before this Court.

Done at Berlin, Vermont, this 22nd day of January 2010.


_____
Thomas S. Durkin, Environmental Judge


6