## STATE OF VERMONT
## SUPERIOR COURT - ENVIRONMENTAL DIVISION

|  | { |  |
| --- | --- | --- |
| In re: Lenz & Laughlin NOV and | { | Docket No. 158-11-12 Vtec |
| Variance Application Appeal | { | (Appeal from Castleton DRB (Appeal #378)) |
|  | { |  |

### Judgment Order

Kenneth Lenz and Brenda Laughlin ("Appellants") appeal a decision by the Town of Castleton Development Review Board ("DRB") denying their appeal of a notice of violation ("NOV") and their application for a variance to allow the installation and use of a second shed on their property at 29 Neshobe Canal Drive in Castleton, Vermont. When the parties were unable to resolve their dispute through private negotiation, including Court-ordered mediation, the Court set this matter for a de novo trial.

The trial was conducted at the Rutland Superior Court, Criminal Division on December 5, 2013. Attorney Karl C. Anderson, Esq. appeared with and assisted Appellants at trial. The Town of Castleton ("Town") was assisted by its attorney, Neal C. Vreeland, Esq., who also appeared at trial. No other parties to this proceeding participated or appeared at trial.

Prior to the trial, the Court conducted a site visit at Appellants' property. While no observations or comments made during the site visit were received as evidence, the site visit provided a helpful context for the evidence received at trial.

Once all parties had a full opportunity to present relevant and admissible evidence at the trial, the Court recessed the hearing to conduct its deliberations and legal research. The Court then reconvened the hearing and announced its Findings of Fact and Conclusions of Law on the record of the hearing. This Judgment Order is issued to provide a summary of the Conclusions of Law that the Court announced. If a reader wishes to review the Court's Findings and Conclusions, the Court refers them to the record of the December 5, 2013 trial.

This appeal presented three distinct legal issues for the Court to address; the Court summarizes its determinations on those legal issues as follows:

1.      As to Appellant's application for a variance from § 1016 of the Town of Castleton Zoning Ordinance ("Ordinance"), the Court **DENIED** that variance request because Appellants sought a permit to install and use a second storage shed on a property that they do not use for residential purposes. Appellants only use their property for recreational purposes. Section

1

1016 permits only one storage shed or similar accessory building on properties in a residential zoning district when that property is not put to a residential use. Appellants failed to demonstrate the elements required for a variance from this provision. See 24 V.S.A. § 4469(a).

2.      As to Appellants' appeal from the DRB's decision to uphold the NOV against them, the Court determined that it must **GRANT** the appeal and **VOID** the August 16, 2012 NOV, a copy of which was admitted at trial as Exhibit E.

Appellants received a permit on August 24, 2007 from the Town of Castleton Zoning Administrator ("ZA") to change a camper to a storage shed to use for their family's recreational belongings. Shortly thereafter, Appellants contacted the ZA to determine what was required to "convert" the camper into a storage shed. Following a conversation with the ZA, Mr. Lenz understood that he could satisfy the permit requirements by installing a skirt around the camper's base and cement blocks under the camper's four corners. The ZA's handwritten notes on his November 19, 2007 correspondence to Mr. Lenz (copy admitted as Exhibit 2) do not expressly confirm Mr. Lenz's understanding, but the Court found Mr. Lenz's trial testimony credible on this point, particularly since no contradictory testimony was presented.

Nonetheless, it became apparent at trial that after Mr. Lenz skirted the camper and put it on cement blocks, it still looked much more like a camper than a storage shed, despite undisputed evidence that Appellants' only use of the camper was for storage of recreational belongings. The Town took no action to cease Appellants' storage use until 2012, when Appellants sought permission for a permit to have a second storage shed on their property.

With the benefit of hindsight, the Court wonders whether the 2007 permit to change the camper to a storage shed should have been issued, since it is unclear how the camper could have been modified to look like a storage shed. To the extent the ZA intended that Appellants would remove the camper and replace it with a storage shed, that intent was not made clear by the ZA's language in his approval, his November 19, 2007 letter, or his November 27, 2007 hand written notes. We therefore concluded that Appellants took the actions that they reasonably understood followed the ZA's direction for converting their camper to a storage shed and that they have lawfully used that storage shed. In light of these conclusions, we **GRANTED** Appellants' appeal and **VOIDED** the August 16, 2012 NOV.

3.      Lastly, we concluded that we cannot allow Appellants to revise their variance application by requesting a permit for a single replacement shed, conditioned upon their

2

removal of the camper (now used as a shed). We understand that the replacement shed would conform to all dimensional requirements in the Ordinance and to Ordinance § 1016, since only one shed would be on the property. We know of no reason why such a revised application would be denied. However, Appellants' revised application would not need the variance sought in their original application, and the replacement shed would be based upon a different site plan that has not yet been created. We therefore conclude that the DRB must first be allowed to review and decide the merits of this new application before this Court considers it. See In re Torres, 154 Vt. 233, 236–37 (1990).

Based upon the Court's stated Findings and Conclusions, we hereby note that Appellants' application for a variance has been **DENIED**, their appeal of the 2012 NOV has been **GRANTED**, and the 2012 NOV has been **VOIDED**.

This completes the current proceedings before this Court on this application.

Done at Newfane, Vermont this 10th day of December, 2013.

_____

Thomas S. Durkin, Environmental Judge

3