STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                   Docket No. 113-8-14 Vtec

| Hinesburg Hannaford Act 250 Permit |
|---|

# ENTRY REGARDING MOTION

Count 1, Act 250 District Commission Decision (113-8-14 Vtec)

Count 2, Act 250 District Commission Decision (113-8-14 Vtec)

Title:          Motion to Remand to District Commission (Motion 21)

Filer:          Mary Beth Bowman

Attorney:       James A. Dumont

Filed Date:     October 26, 2018

Response in Opposition filed on 11/13/2018 by Attorney Christopher D. Roy for Cross Appellant Martin's Foods of South Burlington

**The motion is DENIED.**

This Act 250 permit amendment application relates to the proposal of Martin's Foods of South Burlington (Hannaford) to construct a 36,000-square-foot Hannaford grocery store and 128-space parking lot (the Project) on Lot 15 of the Commerce Park subdivision in Hinesburg, Vermont. Appellants are a group of Hinesburg residents that oppose the Project. Appellants appeal a District #4 Environmental Commission (District Commission) decision that made positive findings on all Act 250 criteria except Criterion 2, and thus denied the Act 250 permit application on Criterion 2 grounds alone.

Following a multi-day trial in November and December 2015, this Court issued its merits decision on April 12, 2016, approving the application and finding compliance with all Act 250 criteria, conditioned on the imposition of traffic mitigation measures. The parties filed post-judgment motions requesting amendments to this Court's decision which were in large part denied.

Our decision was then appealed to the Vermont Supreme Court. In a November 9, 2017 decision, the Supreme Court remanded the matter back to this Court to again review traffic mitigation alternatives with the parties, with an additional directive to include VTrans in the process. In its decision the Supreme Court stated:

> On remand, any party advocating a traffic signal at the Route 116/Mechanicsville Road intersection, or construction of a roundabout in the state highway, as reasonable mitigation should have the opportunity to join VTrans as a necessary party. Insofar as the proposed traffic signal impacts VTrans's statutory and regulatory duties regarding state highways, the agency's participation is a necessary precursor to any ruling requiring such a condition. . . . On remand, the trial court may on the basis of the existing record require Hannaford to conduct a traffic signal study pursuant to VTrans guidelines, including consideration of

alternatives such as a roundabout, or may reopen the evidence on mitigation as it sees fit.

In re Hinesburg Hannaford Act 250 Permit, 2017 VT 106, ¶ 75.

Following several months of post-remand collaborative efforts between the parties in pursuit of compliance with the Supreme Court's directives, Appellants now request that this application be remanded back to the District Commission. Appellants assert that remand is necessary because the new traffic mitigation proposal raises concerns of new impacts in new locations along the roadways surrounding the Project. Appellants also heavily argue the merits of the new traffic measure. An in-depth review of the merits is premature. We must first determine whether remand is appropriate.

This Court has discretion in determining whether to remand a matter to the tribunal below. V.R.E.C.P. 5(j); see also In re Sisters & Bros. Inv. Grp., LLP, 2009 VT 58, ¶ 12, 186 Vt. 103. As a Court of limited appellate jurisdiction, we will not review a new or substantially changed application until it has proceeded through the tribunal appealed from. 4 V.S.A. § 1001(b); Killington Resort Pkg. Project Act 250 Permit Application, No. 173-12-13 Vtec, slip op. at 4-5 (Vt. Super. Ct. Envtl. Div. Jan. 28, 2015) (Durkin, J.) (citing In re Torres, 154 Vt. 233, 236 (1990)). But the ability to remand must be exercised with caution, to avoid "a procedural ping-pong match" in which "any change would result in a remand . . . followed by another appeal to the Environmental Court." Sisters & Bros., 2009 VT 58, ¶ 21. Critically, we do not want the prospect of remand to discourage applicants from implementing changes in response to feedback from the other parties. In re All Metals Recycling, Inc., 2014 VT 101, ¶¶ 19-20, 197 Vt. 481 (citation omitted).

To avoid this result, the Vermont Supreme Court has necessitated remand only where "truly substantial changes to the form or type of an application" have taken place. Sisters & Bros., 2009 VT 58, ¶ 21. The Court later characterized "truly substantial" changes as those that revise "the nature of the permit requested, alter the location of the project, or increase the scope of the project." In re Chaves A250 Permit Reconsider, 2014 VT 5, ¶ 14, 195 Vt. 467.

In the only Supreme Court opinion to overturn a decision by this Court to not remand, , the Supreme Court also considered whether the change implicated new parties not participating in the proceeding or new Act 250 criteria. In re Application of Lathrop Ltd. P'ship I, 2015 VT 49, ¶ 103, 199 Vt. 19 (citing In re Osgood, No. 7E0709-3-EB, slip op. at 2 (Vt. Envtl. Bd. Nov. 26, 2002)). In that case, a substantial change did occur where the applicants proposed to construct an entirely new road, converting the access from the northern to the southern part of the property. Id., ¶ 107. Remand became necessary because the new access sent sand and gravel trucks through areas and past neighbors previously unaffected by the plan. Id., ¶¶ 107-09. Additionally, the access was not changed in response to criticism or feedback from the parties involved. Id. The Supreme Court also considered the change substantial because construction of the road and the shift in location implicated Act 250 criteria not previously before the district commission. Id. Further, the change involved secondary roads, as opposed to "preexisting traffic on a major road." Id., ¶ 84 (contrasting Chaves A250 Permit, 2014 VT 5).

s

In the case at hand, Hannaford's traffic mitigation measure leaves the nature and scope of the Project proposal intact.[1] The design of the Project has not changed beyond what the Court previously approved. The roads and travel routes, the Act 250 criteria at issue, and the potentially impacted properties remain the same and have been at issue since this application began with the District Commission. While specific properties may experience increased impacts from the altered traffic patterns, that potential is always present when Act 250 Criterion 5 is before a district commission or this Court. See Chaves A250 Permit, 2014 VT 5, ¶ 15 (holding that changed access "may now impact neighbors more particularly [but] does not amount to a substantial change in the project itself" because scope and nature of project and the parties have not changed). Given that traffic along Commerce Street and at the Route 116 intersection has been at issue from the beginning of this action, we are not aware of how notice to interested parties would be different with a remand of the revised Project to the District Commission for a new hearing as compared to the notice provided for the original Project. All potentially interested parties received notice at the beginning of this matter and have had the opportunity to participate to the extent they wish.

Hannaford made the change in response to the concerns of this Court, the Supreme Court, and Appellants themselves. The proposal also involves "preexisting traffic on a major road" instead of the sensitive secondary roads. Hannaford's proposed change is more similar to the modifications made in Chaves Act 250 Permit, where a changed access point may have impacted some neighbors more particularly but the Supreme Court concluded that such a change did not amount to a substantial change in the project itself. 2014 VT 5. In this matter, Appellants offer that traffic mitigation may impact some neighbors more particularly. This may be the case, but Supreme Court precedent clearly states that the question is whether the scope of the Project or the nature of the permit have changed substantially. The answer is no. The Project stands in the same location, uses the same roads for access, and involves the same Act 250 criteria.

Finally, denying remand for traffic mitigation in this matter furthers the policy of reducing procedural impediments for applicants trying to modify projects to address concerns expressed by neighbors, the Court, and interested parties. Sister & Bros., 2009 VT 58, ¶ 21. We want to encourage applicants like Hannaford to do so when justified. To fail to do so would result in extreme inefficiencies for parties and the process as a whole.

For these reasons, we **DENY** Appellants' motion to remand this matter back to the District Commission.

So ordered.

Electronically signed on December 06, 2018 at 01:33 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[1] Hannaford's proposed traffic mitigation will include: (1) more refined language detailing the terms of a post-development traffic study; and (2) prohibition of a left turn exiting Mechanicsville Road onto Route 116 during the afternoon peak traffic. The second measure entails the activation of LED signals during the afternoon peak to indicate that there is no left turn off Mechanicsville Road onto Route 116, diverting traffic to the controlled intersection between Commerce Street and Route 116.

Notifications:
James A. Dumont (ERN 1948), Attorney for Appellant Mary Beth Bowman
James A. Dumont (ERN 1948), Attorney for Appellant Ken Brown
James A. Dumont (ERN 1948), Attorney for Appellant Helen Depres Burack
James A. Dumont (ERN 1948), Attorney for Appellant Jedidiah Burack
James A. Dumont (ERN 1948), Attorney for Appellant Dark Star Prop. LLC
James A. Dumont (ERN 1948), Attorney for Appellant Aimee Frost
James A. Dumont (ERN 1948), Attorney for Appellant Gordon Glover
James A. Dumont (ERN 1948), Attorney for Appellant Suzanne Glover
James A. Dumont (ERN 1948), Attorney for Appellant Catherine Goldsmith
James A. Dumont (ERN 1948), Attorney for Appellant James Goldsmith
James A. Dumont (ERN 1948), Attorney for Appellant Jean Kiedaisch
James A. Dumont (ERN 1948), Attorney for Appellant John Kiedaisch
James A. Dumont (ERN 1948), Attorney for Appellant Lindsay Hay
James A. Dumont (ERN 1948), Attorney for Appellant Natacha Liuzzi
James A. Dumont (ERN 1948), Attorney for Appellant Rolf Kielman
James A. Dumont (ERN 1948), Attorney for Appellant Rachel Kring
James A. Dumont (ERN 1948), Attorney for Appellant Jerrilyn Miller
James A. Dumont (ERN 1948), Attorney for Appellant Allan Nyhan
James A. Dumont (ERN 1948), Attorney for Appellant Julie Pierson
James A. Dumont (ERN 1948), Attorney for Appellant Stewart Pierson
James A. Dumont (ERN 1948), Attorney for Appellant Chuck Reiss
James A. Dumont (ERN 1948), Attorney for Appellant Sally Reiss
James A. Dumont (ERN 1948), Attorney for Appellant Heather Rice
James A. Dumont (ERN 1948), Attorney for Appellant Michael Sorce
James A. Dumont (ERN 1948), Attorney for Appellant Daniel Silverman
James A. Dumont (ERN 1948), Attorney for Appellant Heidi Simkins
James A. Dumont (ERN 1948), Attorney for Appellant Stephanie Spencer
James A. Dumont (ERN 1948), Attorney for Appellant Richard Watts
James A. Dumont (ERN 1948), Attorney for Appellant Gail Webb
James A. Dumont (ERN 1948), Attorney for Appellant Dennis Willmott
James A. Dumont (ERN 1948), Attorney for Appellant Marian Willmott
Melanie Kehne (ERN 2561), Attorney for Interested Person Agency of Natural Resources
Christopher D. Roy (ERN 1352), Attorney for Cross Appellant Martin's Foods of So.Burlington
David W. Rugh (ERN 1507), Attorney for Interested Person Town of Hinesburg
Melanie Kehne (ERN 2561), Attorney for Interested Person Vt. Agency of Transportation
For Informational Purposes Only Gill B. Coates
John S. Zaikowski (ERN 4276), Attorney for party 37 Co-counsel
Leslie A. Welts (ERN N/A), Attorney for party 37 Co-counsel
Denise M. Gumpper (ERN 5552), Attorney for party 43 Co-counsel
Evan P. Meenan (ERN 1632), Attorney for Interested Person Natural Resources Board