VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 23-ENV-00131

| Ellie's Pet Care Services, LLC CU Appeal |
| --- |

## ENTRY REGARDING MOTION

Motion:      Motion for Partial Summary Judgment

Filer:      Ronald A. Ferrara, Attorney for Appellant Ellie's Pet Care Services, LLC

Filed Date:      April 18, 2024[1]

Memorandum in Opposition filed by Robert M. Fisher, Attorney for Town of Dummerston

**The motion is DENIED.**

This is an appeal of a Town of Dummerston Development Review Board (DRB) decision dated October 17, 2023, denying Ellie's Pet Care, LLC's (Appellant) application for conditional use and site plan review, as well as two variances, to operate a dog daycare business at the property located at 2002 Black Mountain Road in Dummerston, Vermont (the Property). Presently before the Court is Appellant's motion for partial summary judgment on Questions 1 and 2 of Appellant's Statement of Questions, filed February 9, 2024.

## Legal Standard

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).

---

[1] The initial motion was filed without a separate statement of undisputed material facts (SUMF), as required by V.R.C.P. 56. Appellant later filed a SUMF on June 24, 2024, and the Court awaited a response from the Town, which was never filed. Neither party filed anything with the Court between June and when the Court noticed this matter for a conference on November 18, 2024. At the conference, the Court imposed deadlines for any responses and replies to the SUMF. This explains the eight-month gap between the initial filing and this Decision.

## Discussion

Appellant seeks partial summary judgment on Questions 1 and 2 of Appellant's Statement of Questions. Those Questions ask:

> 1. Should [Appellant] be allowed to operate her dog daycare business under the Home Occupation permit issued by the Town of Dummerston, and as authorized by Vermont statute?
> 2. Should a Conditional Use permit, with appropriate conditions and/or waivers, be issued by the Town of Dummerston to permit Ms. Powers to continue operating her business?

Appellant's Statement of Questions, filed February 9, 2024.

Question 1 asks about a 2019 Accessory Use - Home Occupation permit (the 2019 permit) issued by the Town Zoning Administrator for the dog daycare business. While it is undisputed that the 2019 permit was issued, the parties dispute whether Appellant's current operations have outgrown this original permit. Specifically, the parties dispute whether the 2019 permit authorized Appellant to operate the business outdoors, within a fenced in area of the Property.[2] The Court is unable to consider this Question because it is outside of this Court's jurisdiction in this de novo appeal of Appellant's 2023 application for conditional use and site plan review.[3]

This Court's jurisdiction in a zoning appeal is limited to consideration of the application that was properly warned before the local board. In re Torres, 154 Vt. 233, 236 (1990). This is an appeal of Appellant's application for conditional use and site plan review, and for two variances. Therefore, to the extent that Appellant seeks to argue that the 2019 permit is controlling and authorizes outdoor use of the Property, that issue is outside the scope of these proceedings. As the Town points out, Appellant is free to continue operations under the 2019 permit. If Appellant continues its operations and the Town believes that the current operations exceed the scope of the 2019 permit, the Town may issue a notice of violation and pursue a subsequent enforcement action. During an appeal of the notice of violation, or if an enforcement action is commenced, this Court would then have jurisdiction to consider the scope of the 2019 permit.

---

[2] It is the Town's position that the 2019 permit only authorized indoor use of the business. This is because home occupations are only authorized to occur within a minor portion of a dwelling. Dummerston Zoning Bylaw § 604. Appellant's position is that the permit implicitly authorized outdoor use because it included a hand drawn sketch of the Property depicting a small home surrounded by a fenced in area.

[3] Even if this Court had jurisdiction to consider the 2019 permit, there is a dispute of material fact regarding the scope and effect of that permit.

In the alternative, Appellant's motion argues that the business is a nonconforming use, and therefore has a "vested interest" in a prior version of the Dummerston Zoning Bylaw.[4] This argument is confusing. With respect to vested rights, a complete permit application vests a right in existing regulations. Gould v. Town of Monkton, 2016 VT 84, ¶ 28, 202 Vt. 535. Appellant argues that when she received the 2019 permit, she obtained a vested right in the regulations in existence at that time. This argument, however, again focuses on the implications of the 2019 permit, rather than the new application that is presently before the Court. We are not concerned with what law applied to the 2019 permit, especially if those regulations are no longer in effect at the time of the 2023 application. Appellant may continue to pursue the 2023 application, but the Court will apply the bylaws in effect at the time that this complete application was filed.

The present application before the Court is for conditional use and site plan review for business operations at the Property. This application shall be reviewed under the applicable bylaws. The Court is without jurisdiction to entertain arguments regarding the scope of the 2019 permit.

Appellant's motion for partial summary judgment argues issues that are outside the scope of this appeal, and even so, there is a dispute regarding the material facts. Accordingly, the motion is **DENIED**. The Court will set this matter for a status conference at its earliest convenience. Electronically signed December 20, 2024 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[4] Appellant makes this argument with respect to Question 2, which asks whether a conditional use permit should be granted. We fail to see how this argument about a nonconforming use relates to such a broad Question.