VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00102



| 8 Taft St. Notice of Violation |
| --- |

## ENTRY REGARDING MOTION

Title:         Motion to Reopen and for Emergency Relief (Motion: #5)
Filer:          Jason R. Struthers
Filed Date:    April 7, 2026

         Opposition to Motion, filed on April 14, 2026, by Claudine C. Safar, Esq. and Miles M. Stafford, Esq.

**The motion is DENIED.**

Jason Struthers (Appellant) appeals a September 22, 2025 decision of the City of Essex Junction (City) Development Review Board (DRB) upholding a July 14, 2025 Notice of Violation (the NOV) issued to Mr. Struthers regarding the cultivation of cannabis at his property located at 8 Taft Street, Essex Junction, Vermont (the Property). Mr. Struthers timely appealed that decision to this Court. Presently before the Court is Mr. Struthers motion to reopen this case and for emergency relief under V.R.C.P. 60(b)(6).

### Factual Background and Related Matters

Prior to addressing the pending motion, the Court believes it is helpful to address the multiple matters that are related to the pending motion and action.

**A. In re 8 Taft St. DRB & NOV Appeal, Nos. 23-ENV-00120, 24-ENV-00003, 2025 VT 27**

In this prior action, Mr. Struthers and his neighbors appealed various decisions of the City's Zoning Administrator related to duck-raising and cannabis cultivation uses at the Property. That was first adjudicated by this Court and then appealed to the Vermont Supreme Court. The Supreme Court issued a decision ruling upon the City's authority to regulate agricultural and cannabis activities through local zoning. See In re 8 Taft Street DRB & NOV Appeal, 2025 VT 27. While the determinations of the Supreme Court's decision and ultimate remand to this Court relate to the NOV presently pending on appeal, the pending motion does not seek to reopen those dockets.

## B. Cannabis Licensing Determinations

In November 2025, the City's LCCC voted to revoke Mr. Struthers' local license as a cannabis cultivator. That vote is memorialized by a November 24, 2025 letter from the Vermont Cannabis Control Board (CCB) to Mr. Struthers and his related company. The LCCC's vote was related to, or in part based on, the fact that the City had issued the NOV to Mr. Struthers, which he has appealed to this Court in the present docket. In a December 2, 2025 Entry Order, this Court denied Mr. Struthers' motion to stay enforcement of his cannabis license revocation as being outside the scope of this Court's jurisdiction. In re 8 Taft St. NOV, No. 25-ENV-00102 (Vt. Super. Ct. Envtl. Div. Dec. 2, 2025) (Walsh, J.). The motion to stay is the sole request filed in the present docket related to the cannabis licensing determination. At no point has Mr. Struthers filed an appeal of the CCB or LCCC cannabis licensing determination(s).

## C. Trichome VT LLC v. Essex Junction Local Cannabis Control Comm'n, No. 25-CV-05447

Following this Court's December 2, 2025, denial of Mr. Struthers' motion to stay, Mr. Struthers' filed an action pursuant to V.R.C.P. 74 with the Chittenden County Civil Division of the Vermont Superior Court[1] challenging the LCCC's vote to revoke his cannabis license. On March 30, 2026, the Civil Division dismissed the action and concluded that it lacked jurisdiction over the LCCC revocation because V.R.C.P. 74 applies to decisions of state boards, not municipal departments such as the LCCC. Trichome VT LLC v. Essex Junction Local Cannabis Control Comm'n, No. 25-CV-05447, slip op. at 3 (Vt. Super. Ct. Civ. Div. Mar. 30, 2026) (Shafritz, J.). It further concluded that Mr. Struthers' provided authority did not establish an appellate route to the Civil Division. Id. No aspect of the Civil Division's decision was based on the diverging jurisdictions of the Civil Division and Environmental Division. Put another way, the Civil Division did not dismiss Mr. Struthers' action because it asserted that it should have been filed with the Environmental Division.[2]

---

[1] The Civil Division and the Environmental Division are both divisions of the Vermont Superior Court. Each division has separate jurisdictions. Compare 4 V.S.A. § 30 (setting the jurisdiction of the Civil Division) with 4 V.S.A. § 34 (setting the jurisdiction of the Environmental Division).

[2] To the extent that Mr. Struthers' seeks relief from a decision of the Civil Division through this motion, this Court is without authority or jurisdiction to grant such relief. If Mr. Struthers disagrees with the Civil Division's decision, must pursue whatever rights he may have in that docket under applicable civil or appellate rules.

**D. In re 8 Taft St. NOV Appeal, No. 25-ENV-00102**

This appeal is presently before the Environmental Division and is the sole matter pending before this Court related to Mr. Struthers' cannabis cultivation. This matter is an appeal of the NOV, issued July 14, 2025 and upheld by the DRB on September 22, 2025, concluding that the cannabis cultivation at the Property was in violation of the City's Land Development Code (LDC). There has been no final judgment in this case. Thus, it is open and active. Currently, Mr. Struthers' motion for summary judgment and the City's motion to dismiss are pending. As set forth in Section B, above, this Court has ruled that it is without jurisdiction to rule upon matters related to Mr. Struthers' cannabis license revocation in this action.[3] 8 Taft St. NOV, No. 25-ENV-00102 (Dec. 2, 2025) (Walsh, J.). While the pending Rule 60(b) motion is somewhat unclear, the Court interprets it as requesting reconsideration or relief from this December determination.

**Discussion**

V.R.C.P. 60(b) allows the Court to grant relief from a final judgment or order upon a showing that establishes one of the various reasons identified in the rule. The pending motion is in docket No. 25-ENV-00102, in which Mr. Struthers appeals the NOV. There has been no final judgment in this case. Thus, there is no relevant decision from which to grant Mr. Struthers relief. Further, Mr. Struthers' motion seeks to "reopen" this docket. Again, this docket is actively pending before the Court. Presently, there is a motion for summary judgment and a motion to dismiss. The Court's decision on these motions is being issued concurrently with this decision and the matter will proceed as set forth therein. For these reasons, Appellant's Rule 60(b) motion must be denied.

The Court also considers whether the pending motion seeks relief from this Court's December 2, 2025 Entry Order denying Mr. Struthers' motion to stay enforcement of his cannabis license revocation. 8 Taft St. NOV, No. 25-ENV-00102 (Dec. 2, 2025) (Walsh, J.). Even if this Court were to construe the Rule 60(b) motion as a Rule 59(e) motion, the motion must be denied. First, it is untimely. See. V.R.C.P. 59(e)(b) (requiring Rule 59(e) motions to be filed within 28 days of the relevant entry of judgment). Second, the motion seeks to relitigate this Court's conclusion that it lacks

---

[3] As set forth in the Civil Division's decision, there may be alternative means to challenge a CCB decision through 4 V.S.A. § 847 within the CCB structure. While the Court understands that Mr. Struthers seeks to challenge the LCCC's decision and it is unclear whether § 847 would be applicable to a local cannabis control commission decision, it simply notes that this process is available and does not appear to have been pursued. It may be that V.R.C.P. 75 is applicable in this context, as opposed of V.R.C.P. 74, which Mr. Struthers pursued before the Civil Division. The Court need not, however, conclusively establish the proper means for Mr. Struthers to appeal the LCCC's decision or whether such an action taken at this time could be pursued to determine that this Court lacks jurisdiction over the LCCC's decision in this docket. Either way, the CCB has indicated to Mr. Struthers that there may be non-appellate approaches to address the LCCC's decision while he challenges the NOV to this Court. See Ex. A to Motion to Stay.

jurisdiction to review the LCCC's or the CCB's decision to revoke his cannabis license. See also In re Mountain Top Inn & Resort JO, No. 23-3-17 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Feb. 14, 2019) (Durkin, J.) (internal quotations and citations omitted) (identifying the reasons where a court may grant a Rule 59(e) motion). To the extent that Mr. Struthers asserts through this motion that this Court has jurisdiction over the LCCC's decision or his cannabis license, the Court reiterates that it does not.

As this Court explained in the December 2025 Entry Order, this Court is one of limited jurisdiction. 4 V.S.A. § 34. Generally, this Court has no jurisdiction over matters arising under Title 7, including the licensing of cannabis cultivators regulated under Title 7. Additionally, this Court lacks jurisdiction over the LCCC or CCB's decisions in this case, which is an appeal of the NOV issued by the Zoning Administrator. See In re Torres, 154 Vt. 233, 235 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of the zoning board of adjustment or a planning commission, but it is not broader"); see also In re Costco Final Plat & Site Plan, et al., Nos. 104-8-12 Vtec, 48-6-20 Vtec, slip op. at 13 (Vt. Super. Ct. Envtl. Div. Sept. 2, 2021) (Durkin, J.) ("[T]he scope of our review is limited to the application before us.") (citation omitted). The LCCC voted to revoke Mr. Struthers' local cannabis license based, in part, on concerns with compliance with local zoning. The LCCC's decision does not expand the scope of this Court's jurisdiction in this NOV appeal. The Environmental Division is without authority to review and adjudicate the LCCC's revocation itself.

Nothing about the Civil Division's decision alters this conclusion or presents grounds for this Court to reconsider the December Entry Order. The Civil Division concluded that it lacked jurisdiction over the LCCC revocation because V.R.C.P. 74 applies to decisions of state boards, not municipal departments such as the LCCC. Trichome VT LLC, No. 25-CV-05447, slip op. at 3 (Vt. Super. Ct. Civ. Div. Mar. 30, 2026) (Shafritz, J.). It further concluded that the cited authority did not establish an appellate route to that court. Id. Again, as set forth above, the Civil Division's decision was not based on an analysis that the LCCC appeal was zoning-related and therefore within the Environmental Division's jurisdiction.[4]

Further, as the Civil Division noted, there are other means under Title 7 whereby Mr. Stuthers can or could have challenged the CCB's revocation of his license based on the LCCC's decision. In

---

[4] Nothing in this decision implies that a decision from the Civil Division, alone, would expand the scope of this Court's jurisdiction. The Court simply notes that the Civil Division's determination was not based on an analysis of the scope of the Civil and Environmental Division's respective jurisdiction, nor does it present any argument or analysis that would cause the Court to reconsider the December Entry Order.

fact, the Civil Division's decision recognizes that alternative avenues existed for Mr. Struthers' to challenge a CCB action.[5]  See <u>Trichome VT</u>, No. 25-CV-05447, slip op. at n. 3 (Mar. 30, 2026) (Shafritz, J.).  Further, this Court, in the December 2025 Entry Order noted that the CCB had informed Mr. Struthers that there were "practical options going forward" in relation to the NOV and the LCCC's decision.  See <u>8 Taft St. NOV</u>, No. 25-ENV-00102, slip op. at n. 2 (Dec. 2, 2025) (Walsh, J.).  This includes placing his license in "active-but-unused" status pending the present appeal.  See Ex. A to Motion to Stay.

To the extent that Mr. Struthers' asserts that this Court is the proper Court to adjudicate the NOV, the Court agrees.  His appeal of the NOV is pending in this docket.  Ultimately, this Court will make a final ruling upon the merits of his appeal of the NOV and the zoning aspect of his dispute with the City.  While the Court's determination may have bearing on Mr. Struthers' cannabis licensing and ability to reinstate it, the Court's jurisdiction over the zoning violation does not encompass other decisions outside of the scope of this Court's jurisdiction including the LCCC's vote to revoke his local license.[6]

For these reasons, the motion is **DENIED**.

Electronically signed April 16, 2026 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[5] While Mr. Struthers seeks to challenge the LCCC's vote to revoke his LCCC cultivation license, the CCB's November 2025 letter ordering him to halt cultivation is based on the LCCC vote.  The Court need not and cannot in this action rule upon whether the revocation is a decision of the LCCC or CCB and/or subject to 7 V.S.A. § 847.  It simply notes that there are appellate routes related to cannabis licensing revocations available, as also addressed above in footnote 3.

[6] Because the Court concludes that it lacks jurisdiction over the substance of Appellant's request and there no grounds to reconsider the December Entry Order concluding the same, the Court need not address the City's assertion that the pending motion must be denied on the merits and Rule 60(b) standards.  Rule 60(b) is simply inapplicable in the pending context and open docket.